Latshaw et al. v. McNees et al.

HENRY J. LATSHAW *et al.*, Defendants in Error, *v.* MARGARET
      A. McNEES *et al.*, Plaintiffs in Error.

1. *Practice, civil—Actions—Parties—Husband and wife—Mechanics' liens.*—
An action under the mechanics' lien law is no exception to the law requiring
that the husband shall be joined in all actions against the wife. (Wagn. Stat.
1001, § 8.)

2. *Practice, civil — Parties — Husband and wife.*—The statute of 1868 (Wagn.
Stat. 1001, § 8), which provides that "when a married woman is a party her hus-
band must be joined with her in all actions except those in which her husband
is plaintiff only and the wife defendant only, or the wife plaintiff and the hus-
band defendant," is in conflict with the statute of 1865 (Gen. Stat. 1865, p. 651,
§ 8), under which a married woman might have been sued alone in respect to
her separate property, and she cannot now be sued alone except when the
husband sues her.

3. *Practice, civil — Non-joinder — Error, how reached when not apparent on
the face of the proceedings — Amendments — Limitation.* —Where suit is
improperly brought against a married woman without joining her husband,
and judgment is rendered against her alone, and the error does not appear on
the face of the proceedings, the error can only be brought to the attention of
the court by a proceeding in the nature of a writ of error *coram nobis*. The
usual way is by motion supported by affidavit or evidence. There is no
statute of limitations against such a motion; the statute of amendments
(Wagn. Stat. 1036, § 19) does not cure this error.

*Error to Kansas City Court of Common Pleas.*

*Twiss & Cook*, for plaintiffs in error.

At the next term of the court after judgment Mrs. McNees and
her husband, who had not been joined as defendant in this action,
appeared and moved to set aside the judgment for the reason that
the defendant, Mrs. McNees, was a married woman and could not
be sued apart from her husband, for the reason that the suit did
not concern her separate estate. This motion was supported by
affidavit that the defendant, Margaret A. McNees, had been mar-
ried for more than twenty years, and lived with her husband and
their children at the time of the beginning of the suit and ever
since. These facts were not controverted, and appear from the
evidence taken at the trial as well as from the affidavit. This
motion should have been sustained.

1. This action was commenced in April, 1869, after the act of
February 6, 1868, went into effect. By that act it is provided

that "when a married woman is a party her husband must be joined with her in all actions," except when the husband is plaintiff only and the wife defendant only, or when the wife is plaintiff and the husband defendant; that is, except only in actions between husband and wife; and the second section repeals all acts and parts of acts in conflict with this provision. (Sess. Acts 1868, p. 87; Wagn. Stat. 1001, § 8.)

2. This statute is not inconsistent with the mechanics' lien law.

(a) By that law an action is given against a married woman. (Gen. Stat. 1865, p. 768, § 8.) But it is expressly provided that the pleadings, practice, process and other proceedings shall be the same as in other civil actions, except as otherwise provided in the lien law itself. (Gen. Stat. 1865, p. 767, § 8.)

(b) By that law it is also provided that the parties to the contract shall, and all other persons interested may, be made parties, etc. (Gen. Stat. 1865, p. 767, § 9.) The act of 1868, passed subsequently, enacts that "in all actions" where the wife is a party the husband must be joined with her, and repeals all inconsistent laws. The proceedings to enforce a mechanic's lien are undoubtedly included in the provisions of the law of 1868, so that where the wife is a party to them her husband must be also.

3. Nor is this defect cured by the statute of *jeofails*.

(a) That act does not in any of its terms or provisions meet this case. (Sess. Acts 1867, p. 134; Wagn. Stat. 1036, § 19.)

(b) It is not perceived how it could very well meet such a case, as the statute of *jeofails* was passed in 1867, and the law requiring husband and wife to be joined, in 1868.

4. The act of 1868 leaves the matter as at common law, under which a *feme covert* could not be sued without joining her husband, and failure to make him a party was a fatal defect at all stages of the proceedings. (Co. Lit. 132 b; 1 Com. Dig. 219; id. 64; Marshall v. Rutton, 8 T. R. 545; Beard v. Webb, 2 Bos. & Pul. 93; 1 Bac. Abr. 734.)

5. The non-joinder of the husband could be taken advantage of at common law. (a) By plea in abatement. (1 Com. Dig. 64; 1 Tidd's Pr. 635; 1 Chit. Plead. 477.) (b) By writ of error *coram nobis* to correct the judgment as erroneous in point

Latshaw et al. v. McNees et al.

of fact. (1 Chit. Plead. 59; 2 Bac. Abr. 198; Rolles' Abr. 748–759; 2 Tidd's Pr. 1136–7; 2 Tidd's Pr. 1169; Callaway v. Nifong, 1 Mo. 223; Powell v. Gott, 13 Mo. 458; Whittelsey's Mo. Pr. 472, § 383.) (*c*) Under the present practice, a motion to set aside the judgment takes the place of the writ of error *coram nobis* at common law. (Powell v. Gott, 13 Mo. 458; Stacker v. Cooper Circuit Court, 25 Mo. 403.) "But if the judgment is irregular, such as might be recalled by writ of error *coram nobis*, then the court may on motion correct the irregularity."

*Ewing & Smith*, with *A. A. Tomlinson*, for defendants in error.

The court below did not err in overruling the motion to set aside the judgment for irregularity. It was a motion to amend the judgment, or to set it aside, made after the adjournment of the term at which it was rendered. The judgment was rendered at the June term, 1870, and the motion to set aside at October term, 1870; and the defendants not complying with the statutes in such cases, the court very properly overruled the motion for a review. (Gen. Stat. 1865, p. 681, § 16; *id.*, § 13; 29 Mo. 343.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a mechanic's lien, brought against Nelson as contractor, and the defendant, Margaret A. McNees, as owner of the property, for materials furnished for the erection of a dwelling-house. Margaret A. McNees defended the action as *feme sole* throughout all the proceedings, including final judgment. Many technical points have been raised by the learned counsel for her, but none of them seem to be of sufficient importance to warrant a reversal of the judgment on account of any alleged error previous to the final judgment.

At the next term after final judgment, John C. McNees, as husband of the said Margaret A. McNees, together with his wife Margaret, appeared and filed a motion to set aside the judgment because the husband had not been joined with the wife, and filed an affidavit that they were husband and wife and had been for

twenty-five years. This motion was overruled, and the husband and wife excepted.

By the practice act, as amended in 1868 (Wagn. Stat. 1001, § 8), it is provided that "when a married woman is a party her husband must be joined with her in all actions except those in which the husband is plaintiff only and the wife defendant only, or the wife plaintiff and the husband defendant." At common law the husband had to be joined in all actions against the wife, and this statute is only declaratory of the common law. The wife is not *sui juris*, and the law requires the husband to be brought before the court to protect her interest. An action under the mechanics' lien law is no exception to this rule. Nor does the statute of amendments cure this error. (Wagn. Stat. 1036, § 19.)

Prior to the act of 1868, above referred to, a married woman might have been sued alone in respect of her separate property, under the statute of 1865 (Gen. Stat. 1865, p. 651, § 8), and if in such case she appeared by attorney, the error was cured by verdict. But the above statute of 1868 is in conflict with the statute of 1865, and she cannot now be sued alone except when the husband sues her.

As this error does not appear upon the face of the proceedings, it can only be brought to the attention of the court by a proceeding in the nature of a writ of error *coram nobis*. The usual way is by motion supported by affidavits or evidence. If the motion is sustained, the husband and wife are allowed to make any defense to the merits they may have, and the case is retried. This motion is allowed at any subsequent term after final judgment. I know of no statute of limitations against such a motion. The statute of limitations in regard to irregularities applies to such as appear on the face of the proceedings, and not to such as are brought before court by evidence *aliunde*, as in this case. (See Powell v. Gott, 13 Mo. 458 ; *Ex parte* Toney, 11 Mo. 661 ; Groner v. Smith, 49 Mo. 318 ; *Ex parte* Page, *id*. 291.)

The judgment must be reversed and the cause remanded, to be proceeded in according to the rulings here laid down. The other judges concur.