———o———

JOSEPH FINK, Plaintiff in Error *vs.* MARY HANEGAN, Defendant in Error.

1. *Mechanic's lien—Married woman—Husband made co-defendant, when.—* In suit to enforce a mechanics' lien against the property of a married woman, the husband must be joined as defendant. (Latshaw vs. Mc'Nees, 50 Mo., 381.)

### Error to Cole Circuit Court.

*George T. White,* for Plaintiff in Error.

The Circuit Court in sustaining the demurrer, disregarded the 8th section of chapter 161, page 151, of the General Statutes, which authorizes actions concerning the separate property of the wife to be prosecuted against her alone. And the session acts of 1868, p. 87, gives her the right to defend by attorney and to be sued alone when she is defendant only. (Claflin vs. Van Waggoner, 32 Mo., 252; St. Louis, etc. vs. Bernoudy, *et al.,* 43 Mo., 554-5.)

There is no question about her right to make a contract that will be the basis of a mechanics' lien. (Collins vs. Megraw, *et al.,* 47 Mo., 497, and authorities cited; Burgwald vs. Weippert, 49 Mo., 60.)

*Lay & Belch,* for Defendant in Error.

Defendant was at the time of the alleged contract, and at the time of the institution of the suit, a *feme covert.* She could

not have been sued alone in the absence of a statutory power, but our statute expressly provides that when a married woman is a party, her husband must be joined with her in all actions, except when, &c. (W. S., 1001, § 8.)

The statute in relation to liens makes no provision for the enforcement of this legal or statutory remedy against the property of a married woman.

The only proceeding to subject separate property of married women, is a proceeding in equity ; this legal remedy cannot by any analogy be applied and enforced.

ADAMS, Judge, delivered the opinion of the court.

This was an action to enforce a mechanics lien. The defendant, who is the owner of the property, is a married woman, as appears from the petition, and her husband is not joined as a party defendant.

This point is raised by a demurrer to the petition, which was sustained, and is the only question presented for our consideration.

A married woman is not *sui juris* and could not be sued at common law without joining her husband. It was necessary to bring him before the court to protect her interests. Our practice act as amended in 1868 (W. S., 1001,§ 8,) is only declaratory of the common law and requires that "when a married woman is a party her husband must be joined with her in all actions except those in which the husband is plaintiff only, and the wife is defendant only, or the wife plaintiff and the husband defendant."

An action under the mechanics lien law is no exception to this rule. This point was expressly decided by this court in Latshaw, *et al.*, vs. McNees, 50 Mo., 381

Let the judgment be affirmed.