Robertson v. Neal.

———o———

H. J. ROBERTSON, Plaintiff in Error, vs. JOHN NEAL, Defendant in Error.

| 60 | 579 |
|----|-----|
| 167 | 61 |
| 60 | 579 |
| 92a | 170 |

1. *Judgment—Clerical mistake—Correction nunc pro tunc.*—Where the minute entry, on a judge's docket, shows that a judgment was taken by default, but the judgment was entered by the clerk as final, that entry may be corrected and judgment, in accordance with the facts, entered at a succeeding term.

### Error to Clay Circuit Court.

*J. T. Chandler*, for Plaintiff in Error, cited Wagn. Stat. 1034, § 6 ; Blaisdell vs. Steamb. Pope, 19 Mo., 157 ; Blumenthal vs. Kurth, 22 Mo., 173 ; Gibson vs. Chouteau, 45 Mo., 171 ; 18 Mo., 432 ; 1 Cr. 84 ; Groner vs. Smith, 49 Mo., 318 ; Pockman vs. Meatt, 49 Mo., 345 ; State vs. Clark, 18 Mo., 432 ; DeKalb Co. vs. Hixon, 44 Mo., 341 ; Hyde vs. Curling, 10 Mo., 359, and Moster vs. Moster, 53 Mo., 326 ; Downing vs. Steel, Adm'r, 43 Mo., 309, 318 ; Freem. Judgm., p. 60, § 87 ; 18 Cal., 219 ; Freem. Judgm., p. 61, § 89 ; p. 47, §§ 70, 71 ; p. 65, § 94 ; p. 38, § 61 ; 6 Flor., 721 ; Freem. Judgm., p. 41, § 63; p. 34, § 56 ; p. 35, § 57 ; 2 How. U. S., 263 ; 8 Pick., 415 ; Harbor vs. Pacific R. R., 32 Mo., 423, 425, etc. ; Hull vs. City of St. Louis, 20 Mo., 584, 586, 587, 588 ; Blackst. Com., book 3, ch. 25, see pp. 406, 407 ; Ashby vs. Glasgow, 7 Mo., 320 ; Ladd vs. Cousins, 35 Mo., 513, 515 ; Brewer vs. Dinwiddie, 25 Mo.,

351; 44 Mo., 341, 342; Freem. Judgm., p. 73, § 102; 10 Wend., 560; 20 Wis., 265.)

*D. C. Allen, with J. E. Merryman,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

By the record in this case it appears that the plaintiff brought his suit against the defendant and at the return term, no answer having been filed, judgment was given in his behalf. The entry made by the clerk was in the form of a final judgment. At the next term another final judgment was rendered for the plaintiff. At the succeeding term thereafter the defendant came into court and moved to set aside the second judgment, on the ground that at the term previous to its rendition, a final judgment had been entered, and that the court had no further jurisdiction of the cause, and that it was a nullity. Plaintiff then produced the minute entry on the judge's docket, showing that the first judgment was an interlocutory judgment by default, and that the clerk had made a mistake in writing up the same, and he asked to have a corrected judgment *nunc pro tunc* entered in accordance with the facts. The court refused this request, and then sustained plaintiff's motion to set aside the judgment.

The court committed error. The mere clerical mistakes and misprisions of the clerk will always be amended in furtherance of justice and an entry *nunc pro tunc* made to conform the record to the truth, provided the record furnishes the evidence to amend by. The evidence of the order made is clear and decisive. The minute made by the judge himself says: "interlocutory judgment by default." It is evident the clerk made a clerical mistake, and did not write up the judgment ordered by the court. The correction should have been made in accordance with the request of the plaintiff.

Judgment will be reversed and the cause remanded; the other judges concur.