HUBBARD V. MOSS, EXECUTOR OF HENING, APPELLANT.

1. **Landlord and Tenant Act:** ATTACHMENT: GENERAL AND SPECIAL JUDGMENT: NUNC PRO TUNC ENTRY: FORTHCOMING BOND. Where, in an attachment suit under the Landlord and Tenant Act, the writ of attachment was levied upon the crop grown by the tenant on the leased premises during the year, for which accrued the rent, for which the suit was brought, and the writ of summons was personally served upon the defendant, and, thereafter, a general judgment was regularly rendered in favor of the plaintiff and against the defendant. *Held,* That this was a proper judgment, and, as there was no entry of record, nor anything in the nature of the proceeding to indicate that it was not the very judgment the court rendered, the entry, at the next term, of a judgment *nunc pro tunc,* specially, against the property attached, as well as generally, against the defendant, who was not then in court, was a nullity; and that an execution issued thereon was also a nullity; yet, as, before the entry of the *nunc pro tunc* judgment, an execution had been issued on the original judgment and duly returned by the sheriff not satisfied, and the original judgment was not vacated by the *nunc pro tunc* entry, this was sufficient to warrant proceedings on the forthcoming bond.

2. **Attachment:** FORTHCOMING BOND. The surety in a forthcoming bond is not relieved by the action of the court in quashing the attachment writ, if, at the same term and within four days after the order is made, it is set aside, although, between the making and the setting aside of such order, the surety returns to the defendant in the attachment suit money held by him as an indemnity.

3. **Landlord and Tenant Act:** ATTACHMENT OF PROPERTY SUBJECT TO LIEN. Although the provision for an attachment, in favor of the landlord, in the Landlord and Tenant Act, was not enacted for the purpose of enforcing the lien upon the crop grown upon the demised premises, in any year, for the rent accruing for such year, as given by said act, yet, a writ of attachment, properly sued out under the 26th section of said act, may be levied upon a crop subject to such a lien. The case of *Price v. Roetzell,* administratrix, 56 Mo. 500, explained.

*Appeal from Newton Probate and Common Pleas Court.*—HON. P. H. EDWARDS, Judge.

This was a proceeding under section 54, page 192 Wag. Stat, by motion against the sureties in a forthcoming bond given by the defendant in an attachment suit. The attachment suit was brought to recover rent, and the writ was

levied on a part of the crop grown on the premises during the year for which the rent accrued. Defendant was per- sonally served and subsequently appeared to the action, which resulted in a general judgment against him. At a subsequent term, without setting this judgment aside, and without notice to defendant, the court entered *nunc pro tunc,* as of the date of the first judgment, a special judg- ment against the property attached, and a general judg- ment against the defendant personally. The property re- leased from attachment by the forthcoming bond not being found to answer the judgment against defendant, this pro- ceeding was commenced against the sureties and resulted in a judgment against them, from which they appealed.

*C. W. Thrasher* for appellant.

I. Under the Landlord and Tenant act, the attachment is only intended to apply to other personal property of the tenant than the crop on which the lien exists, and an attach- ment of such crop, under the provisions of said act, and during the continuance of such lien is void. Wag. Stat. p. 881; § 26, p. 880, § 18; *Price v. Roetzell,* 56 Mo. 500; *San- ders v. Ohlhausen,* 51 Mo. 163.

II. The court had no authority, at a subsequent term after final judgment, to render another and different judg- ment than the one first rendered, for the reason that the first judgment was incorrect and that the law authorized a different judgment from the one rendered. *Hyde v. Cur- ling,* 10 Mo. 359; *State v. Clark,* 18 Mo. 432; *Jillett v. Na- tional Bank,* 56 Mo. 304; *Gibson v. Chouteau,* 45 Mo. 171; *Smith v Best,* 42 Mo. 187; *Jones v Hart,* 60 Mo. 351.

*N. H. Dale* for respondent.

1. The motion to set aside the order quashing the writ, is in the nature of a motion for a new trial, and, as it was filed within four days, was in time to save all the rights of the parties. *National Bank v. Williams,* 46 Mo. 17.

2. There is no statute, nor principle of law, that would prevent a sheriff from seizing a crop grown on a farm, if it is otherwise liable to attachment. *Sanders v. Ohlhausen*, 51 Mo. 163.

3. When the order quashing the writ was set aside, the plaintiff was restored to his status before the making of the erroneous order. Drake on Attachment, Sec. 412; *Carson v. Suggett*, 34 Mo. 364; *Han. & St. Jo. R. R. Co. v. Brown*, 43 Mo. 294; *Gott v. Powell*, 41 Mo. 416; *Caperton v. McCarkle*, 5 Grattan 177.

4. There was personal service on defendant and a personal appearance to the action. The general judgment, first entered, was not void, but would hold the property attached as well as the other property of defendant. Wag. Stat., p. 188, § 36; *Massy v. Scott*, 49 Mo. 278.

5. The judgment entered, *nunc pro tunc*, was both general and special, and is authorized by the law. *Bray v. McClury*, 55 Mo. 128.

6. The proceeding on the motion for judgment against the security, on account of the failure to deliver the property named in the bond, was regular in every respect; and the original judgment being valid against the defendant, the objections raised by the surety cannot be sustained.

HENRY, J.—We cannot conceive why, even if the court had the right to make it, the *nunc pro tunc* entry was made. The two judgments were substantially the same. One, the first, was for $100, and that plaintiff have execution against the property of defendant; the second, was for the same amount, and that plaintiff have execution against the property attached in the suit, as well as against the other property of defendant. Under the execution awarded by the original judgment, the sheriff could have taken, as well the attached property as other property of defendant, and, under the second, he could do more. The lien of the attachment was not lost by the judgment as first entered. Section 36 of the attachment act, Wag.

Stat., page 188, provides " when defendant has been served with the writ, or appears to the action, the judgment and execution shall hold, not only the property attached, but the other property of the defendant."

Section 40, page 189, provides that " when defendant is summoned to appear, or shall voluntarily appear, the like proceedings shall be had between him and the plaintiffs, as in ordinary actions commenced by summons, and a general judgment may be rendered for or against the defendant."

By section 58, page 193, the execution is required to be a common *fieri facias*, where the judgment is general; by section 27 of the act in relation to Landlord and Tenant " the proceedings on all attachments issued under this chapter shall be the same as provided by law in cases of suits by attachment."

The first judgment entered in this cause was a proper judgment and there is no entry of record, nor is there anything in the nature of the proceeding to indicate that it was not the very judgment the court rendered. The *nunc pro tunc* entry was, therefore, improperly made, and the defendant in the attachment suit not being in court, the *nunc pro tunc* judgment was a nullity. That judgment being void, it follows that the execution issued on it was a nullity. By sec. 54, page 192, Wag. Stat. it is provided that " whenever it shall appear from the return of the officer upon an execution issued in an attachment suit that none of the property attached has been found, or only a part thereof, and that said execution is not fully satisfied, the court or justice shall direct the officer to assign to the plaintiff, his executor or administrator, the bond taken by him for the forthcoming of the property attached, and such court or justice may, upon motion, render judgment in favor of the plaintiff, his executor or administrator, against the obligors in the bond for the value of such property, &c." It will be observed that the court

1. LANDLORD AND TENANT ACT: attachment; general and special judgment; *nunc pro tunc;* entry; forthcoming bond.

cannot under this section render a judgment against the obligors in the forthcoming bond until an execution shall have been issued in the attachment suit and returned. Although the *nunc pro tunc* judgment and the execution thereon were nullities, yet, it appears that, before the entry of that judgment an execution had been issued on the original judgment and duly returned by the sheriff, not satisfied, in whole or in part, and that was sufficient to warrant the proceedings on the forthcoming bond against those who executed it. The original judgment was not vacated by the *nunc pro tunc* entry. The latter judgment being unauthorized and a nullity, the other remained in full force.

Nor does the action of the court, quashing the attachment writ, relieve the obligors in the forthcoming bond. 2. ATTACHMENT: forthcoming bond: At the same term, and within four days after the order was made, quashing the writ, that order was set aside, and defendant cannot, in this proceeding, invoke equity to save him from the consequences of the haste and precipitancy with which he returned to the defendant in the attachment suit, the money he held as an indemnity.

The only remaining question is one of more difficulty, because the decisions of this court on the subject apparently conflict with each other. The act in 3. LANDLORD AND TENANT ACT: attachment of property subject to lien. relation to Landlords and Tenants, sec. 18, page 880, Wagner's Stat. gives a landlord a lien upon the crop grown on the demised premises, in any year for the rent that shall accrue for such year, and provides that such lien shall continue for eight months after the rent becomes due, and no longer. The 26th section, page 881, provides for an attachment in favor of the person entitled to it against any one liable to pay rent, whether due or not, if payable within a year thereafter, who intends to remove, is removing, or within thirty days has removed his property from the leased premises, and provides that " the person to whom the rent is owing may,

42

before a justice of the peace, or the clerk of a court of record having jurisdiction of actions by attachment in ordinary cases, of the county in which the premises lie, make affidavit of one or more of the facts aforesaid, and that he believes, unless an attachment be issued, he will lose his rent. Whereupon such officer shall issue an attachment against the personal property of the person liable for the same." In *Saunders v. Ohlhausen*, 51 Mo. 163, the court held that the foregoing and the section following, provide for the manner of enforcing the lien given by the 18th section, while in the case of *Price v. Roetzell, Admx.*, 56 Mo. 500, the court held that the attachment authorized by the 26th section is not to enforce a lien against the crops raised during the year, but to secure the rent from property on the place on which there is no lien. We do not think that the attachment was a remedy provided for enforcing the lien, for the lien may be in full force and the landlord have no right to an attachment at all; but we can see nothing in the act to hinder an attachment, properly sued out under the 26th section, from being levied upon property grown upon the leased premises, whether subject to the lien given by the 18th section or not.

The law declares that the attachment shall issue against the personal property of the person liable to pay the rent, and we can see no good reason why the property grown on the premises should be excepted. It may be, and frequently is, all the property owned by the tenant, which could be taken for rent. There is no principle upon which the words of the statute "personal property of the person liable," can be restricted to property not subject to the lien. The case of *Price v. Roetzell, supra*, was a proceeding to enforce the lien, and the court held that the attachment in aid was absolutely unnecessary, " because the court could have enjoined any sale of the crops by the administratrix, and had the right to order their sale as perishable property by the sheriff, and their proceeds held subject to the result of the suit." We do not understand the court as holding,

in that case, that an attachment issued under the 26th section could not be levied upon the property grown on the leased premises, as well as other property of the tenant. If there were any doubt that the language of the 26th section, " personal property of the person liable for the same," embraced as well the crops grown on the land, as other personal property, the 31st section removes it by providing " that property exempt from execution shall be also exempt from attachment for rent, except the crop grown on the demised premises, on which the rent claimed is due." There were many irregularities in the proceedings in the attachment suit, but no error to justify a reversal of this judgment, and it is accordingly, with the concurrence of the other judges, affirmed.

AFFIRMED.