## EX PARTE GRAY.

**Writ of Error Coram Vobis:** IMPRISONMENT OF PERSON UNDER EIGHTEEN IN PENITENTIARY. It is well settled that for an error in fact in the proceedings of a court of record, a writ of error *coram vobis* will lie to revoke the judgment, whether it be a court of civil or criminal jurisdiction. Thus, where a person under the age of eighteen years is sentenced to the penitentiary, the court may at at any time, upon being advised of the fact, revoke the sentence and commit the prisoner to jail. The usual way of bringing such matters before the court, according to the practice in this State, is by motion supported by affidavit or evidence.

*Habeas Corpus.*

WRIT GRANTED.

*J. P. McCaminon, W. D. Hubbard* and *Edwards & Davison* for petitioner.

*D. H. McIntyre,* Attorney General, for the Warden.

The order of the 18th of December setting aside the judgment regularly made on the 22nd of September previous, at another and different term, was void and of no effect after the term had elapsed at which final judgment was taken; the court possessed no further control or jurisdiction over the case; and the entire proceeding at the November term was *coram non judice. Danforth v. Lowe,* 53 Mo. 217. There is no error patent of record, and if there be any irregularity, of which there is no pretense, it could not be shown by matters *de hors* the record. *Phillips v. Evans,* 64 Mo. 17; *Ex parte Kaufman,* 73 Mo. 588. The court had unquestionably lost jurisdiction over the person of the prisoner, which by the statute had been transferred to the custody of the warden, and there is no method known to the law by which any process, order or authority of that court could bring the person under the jurisdiction of the court at the time when it is pretended that the judgment

of the court was set aside. Neither had the court any jurisdiction of the subject matter.

NORTON, J.:—This is a proceeding by *habeas corpus*, the purpose of which is to procure the release of petitioner from his present imprisonment in the penitentiary. It appears from the petition and return to the writ that petitioner, on the 22d of September, 1882, at a special term of the Greene county circuit court, pleaded guilty to an indictment charging him with the crime of grand larceny, and was thereupon sentenced to imprisonment in the penitentiary for four years, and that he is now in the State's prison under such sentence. It further appears that at the November term, 1882, of said circuit court, petitioner filed his motion to set aside the said judgment sentencing him to imprisonment in the penitentiary, for the reason alleged therein that at the time of said sentence he was under the age of eighteen years. On the hearing of said motion it was made to appear by evidence satisfactory to the court, that the fact alleged therein was true, and thereupon the court set aside and revoked the sentence of September 22nd, 1882, in order that defendant might be sentenced to imprisonment in the county jail as prescribed by section 1666, Revised Statutes, which is as follows: "Whenever any person shall be convicted of a felony committed while under eighteen years of age, he shall be sentenced to imprisonment in the county jail not exceeding one year, instead of imprisonment in the penitentiary as provided by the preceding provisions of this law."

The only question presented by the above state of facts is, did the circuit court have jurisdiction to make the order at its November term, 1882, revoking the judgment entered the 22nd of September, 1882, sentencing petitioner to the penitentiary, in order that he might be sentenced as required by said section 1666? This question is settled by the case of *Ex parte Toney*, 11 Mo. 661, where it was held that: "It is settled that for an error in fact in the pro-

ceedings of a court of record, a writ of error *coram vobis* will lie to revoke the judgment, whether it be a court of civil or criminal jurisdiction. If a judgment is rendered against an infant who appears by attorney, this is an error of fact for which a writ of error *coram vobis* will lie, and so it is conceived of a judgment sentencing an infant under sixteen years of age to imprisonment in the penitentiary, as our statute does not permit such punishment to be inflicted upon him." The usual way of bringing such matters before the court, according to the practice in this State, is by motion supported by affidavits or evidence. *Powell v. Gott*, 13 Mo. 458; *Latshaw v. McNees*, 50 Mo. 381; *Craig v. Smith*, 65 Mo. 536; *Stacker v. Cooper Co. Ct.*, 25 Mo. 401; Green & Meyers Mo. Prac., 433.

We are of the opinion that the circuit court had the right to make the order in question, and that it entitled petitioner to be discharged or released from his imprisonment in the penitentiary, and under sections 1996 and 2668, Revised Statutes, the prisoner is hereby sentenced to imprisonment in the county jail of Geene county for the period of nine months, and the warden of the penitentiary who now has petitioner in custody, will deliver him to the marshal of this court to be by him confined in the jail of said county for the said term of nine months. In the judgment all concur.