Ross v. Ross.

Ross *et al.* v. Ross, *Appellant.*

**Judgment:** CHANGE OF, AT SUBSEQUENT TERM. A court cannot at a subsequent term change its judgment to one which it neither rendered, nor intended to render.

*Appeal from Cape Girardeau Circuit Court.*—Hon. J. D. Foster, Judge.

Reversed.

*R. B. Oliver* for appellant.

(1) A judgment rendered on a motion to quash an execution is a final one, and an appeal will lie from it. (2) The judgment was not responsive to the issues made and was void. *Ross v. Ross*, 81 Mo. 84. (3) The action of the court making the amendment to the judgment was wrong. Freeman on Execution, sec. 75. (4) The motion to quash should have been sustained. Freeman on Executions, secs. 20, 73 and 75; Freeman on Judgments, sec. 117.

*Linus Sanford* for respondent.

(1) In the first judgment the court had jurisdiction of both the person of the defendant, and of the subject matter of the cause of action. (2) In the amended judgment the court says in its finding, the parties by their attorneys appear as Wm. L. Unger, etc., is conclusive as to the jurisdiction of the person. *Rumfelt v. O'Brien*, 57 Mo. 571; *Freeman v. Thompson*, 53 Mo. 183; *Baker v. Stonebraker*, 34 Mo. 172. (3) The appellant cannot in his motion to quash the execution attack the judgment for any irregularity so long as the same is not void. If there has simply been error committed his remedy is by appeal or writ of error. *Marsh v. Bast*, 41 Mo. 293; *Bracket v. Bracket*, 53 Mo. 265.

HENRY, J.—At the January term, 1881, of the circuit court of Cape Girardeau county, a judgment was obtained by plaintiffs against defendant in a suit instituted against defendant to set aside a conveyance of a tract of land in range 12 in that county, on the grounds of fraud perpetrated by the grantee, the defendant, upon the grantor, and mental incapacity of the grantor, who is the mother of the plaintiffs and defendant. After hearing the evidence in the cause the court permitted an amendment to plaintiffs' petition alleging that the deed executed by the grantor was intended to be a mortgage or security for debts already paid for the grantor by the defendant. The court found for plaintiffs, not that the grantor had not capacity to make a conveyance, or that it was procured by fraud, but that the deed was executed as a security for said sums advanced by defendant and ordered a sale of said land, and that out of the proceeds should be first paid the costs of sale, and next said sum of money advanced by defendant, with six per cent. interest, and that the balance should be divided equally between the parties entitled thereto.

On appeal to this court that judgment was reversed and the cause remanded, but pending the appeal in this court it was discovered by plaintiffs in that suit that the land was misdescribed, both in the petition and the judgment, and after a sale under said judgment at a subsequent term of said court they filed their motion to correct the judgment and petition by inserting "13" where "12" occurred in describing the land. On the hearing of said motion the court allowed the corrections, and another order was made for the sale of the land on the 13th of January, 1882. On the 10th of January, at the January term of said court, defendant filed his motion to set aside said order of sale, alleging the facts hereinbefore stated as the grounds for said motion. The court overruled this motion and a sale was made under the order. Subsequently, in March, 1884, the Supreme

Court reversed the judgment and remanded the cause. From the judgment of the circuit court overruling defendant's motion to set aside the order of sale he has appealed to this court.

"As a general rule no final judgment can be amended after the term at which it was rendered. The law does not authorize the correction of judicial errors under the pretense of correcting clerical errors." Freeman on Judgments (3rd Ed.), sec. 69. But a court at any time, may correct a clerical error by the minutes of the judge, or some record in the cause showing clearly that such a clerical error was committed. It may correct a judgment entry so as to make the judgment that which the court in fact rendered. *Robertson v. Neal,* 60 Mo. 579; *Fletcher v. Coombs,* 58 Mo. 430; *Hyde v. Curling & Robertson,* 10 Mo. 359; *State ex rel. v. Primm,* 61 Mo. 166. In this case, however, at a term subsequent to that at which the judgment was rendered the court changed a judgment which it had in fact rendered to one which it neither rendered nor intended to render. The plaintiffs, perhaps, intended to have the conveyance of the land in sec. 13 set aside but their petition did not ask it, but described a different tract of land, and they obtained a judgment according to the prayer of their petition. After a sale under the judgment at a subsequent term they discovered their mistake and without any record evidence whatever that the judgment entered was not the very judgment rendered, the court on a deed which was introduced as evidence in the original cause made an order amending the plaintiffs' petition and the judgment.

The mistake in the original proceedings was not a mistake of the court but a mistake made by the pleader, and the judgment following the petition was the very judgment prayed for and the judgment actually rendered. The amendment was wholly unauthorized. It can make no difference that the defendant appeared to the notice filed to amend the petition and judgment. That conferred no jurisdiction upon the court to make the

amendment and his subsequent notice to set aside the order of sale should have been sustained. The order and sale are nullities. *Hubbard v. Moss*, 65 Mo. 647. The judgment is reversed and the cause remanded and the court below directed to set aside the order of sale made after the amendment of the petition and judgment.

All concur.