IDA BISHOP, Appellant, v. THOMAS SEAL et al., Respondents.

### Kansas City Court of Appeals, February 10, 1902.

1. **Judgments:** NUNC PRO TUNC ENTRIES.  Courts may render *nunc pro tunc* judgments at subsequent terms to make the entries conform to the actual judgment intended.

2. ———: ERROR OF FACT: MOTION.  A judgment irregular for error of fact may be attacked at a subsequent term.

3. ———: AMENDMENT: SUBSEQUENT TERM.  A judgment can not, at a subsequent term, be amended by establishing extraneous facts or by any other evidence than the clerk's minutes, the judge's docket, or other records.

4. ———: ———: DESCRIPTION OF LAND: STATUTE.  At a subsequent term the court can not change its judgment to one it neither rendered nor intended to render; and where it rendered a judgment foreclosing a vendor's lien on certain property described in the peti-

tion, it can not at a subsequent term on motion correct the description in the petition and the judgment, even though the testimony at the trial preserved in the bill of exceptions gives the right description of such property, since that shows a variance between the pleading and the proof, and section 660, Revised Statutes 1899 does not apply; moreover, section 655, while applicable, can only be availed of at the trial.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Thomas & Hackney* and *Howard Gray* for appellant.

(1) Section 660, Revised Statutes 1889, expressly provides that the court may, in furtherance of justice, amend any record, pleading or other proceeding by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect. Under this section the court should have permitted the amendment. (2) It will not do to say that a judgment can not be amended at a subsequent term unless there is something in the record to amend by. Ex parte Gray, 77 Mo. 160; Neenan v. City of St. Joseph, 126 Mo. 89; Mansel v. Castles, 54 S. W. 299; Wilcox v. Wells, 51 Pac. 985; Taylor v. Harwell, 65 Ala. 1; Morrison v. Railroad, 70 N. Y. S. 65. (3) The answer of defendants admitted the conveyance of the property as alleged in the amended petition, and on the trial of the cause the execution of the deed was admitted. This was all preserved in the bill of exceptions in the original case, and the court had this record before it when this motion was heard, and it was introduced before the court at said time, and this was sufficient. Harlan v. Moore, 132 Mo. 483; Loring v. Groomer, 110 Mo. 632. (4) The case of Ross v. Ross, 83 Mo. 100, and on which counsel for respondents rely, is entirely different from the case at bar. (5) The correction of a misrecital of an undisputed fact in a judgment at a subsequent term and

after appeal granted is not error. Courts of record have inherent power at any time to correct clerical errors and mis-recitals to undisputed facts by their clerks in the former entry of judgment. Cauthorn v. Berry, 69 Mo. App. 404. (6) If this is not a case where section 660 of the Revised Statutes of 1889 applies, it is difficult to conceive one.

*E. O. Brown* and *Geo. W. Crowder* for respondent.

(1) The only question presented by this appeal is whether the circuit court, at a subsequent term to the rendi-tion of a judgment, can change its judgment to one which it neither rendered nor intended to render. Freeman on Judg-ments (3 Ed.), sec. 69. (2) A court may at any time cor-rect a clerical error by the minutes of the judge, or some record in the cause showing the commission of such error, and it has been held that the court may, in a proper case, correct a judgment entry so as to make the judgment that which the court actually rendered. But the appellate courts of this State, by a line of able and consistent decisions, have held that no judgment can be amended or interfered with in any matter of substance at a term subsequent to that at which it was rendered. Freeman on Judgments (4 Ed.), sec. 69, 70; Am. and Eng. Ency. Law (2 Ed.), 816; Hill v. City of St. Louis, 20 Mo. 584; Brewer v. Dinwiddie, 25 Mo. 351; Ashby v. Glasgow, 7 Mo. 320; Harrison v. State, 10 Mo. 686; State ex rel v. Harper, 56 Mo. App. 611; Ross v. Ross, 83 Mo. 100.

BROADDUS, J.—This is a motion to correct the petition and judgment in the case, by inserting the word "fifth" in the description of several lots, so they will read "lots 368, 369, 370 and 371 in South Carterville Mining and Smelting Company's fifth addition," instead of "South Carterville Mining and Smelting Company's addition," as it is recited in the record.

In 1899 plaintiff sued defendant in said circuit court, to

enforce a vendor's lien against said lots, describing them as located in South Carterville Mining and Smelting Company's addition to the city of Carterville, Missouri. There was a judgment in favor of plaintiff enforcing her vendor's lien, from which defendants appealed. The appellate court affirmed the judgment of the circuit court, which judgment of affirmance is reported in 87 Mo. App. 256. After the mandate of the appellate court had been forwarded to the clerk of the circuit court, it was discovered that the land was misdescribed in both the petition and the judgment, after which the motion in question was filed to amend both. The court overruled the motion and the plaintiff appealed.

There has been some misunderstanding among lawyers of the power of courts to amend judgments at subsequent terms. However, it is well understood that the courts are authorized to render *nunc pro tunc* judgments at subsequent terms, so as to make them conform to the judgments rendered or intended to be rendered. These *nunc pro tunc* judgments are made from the memoranda of the clerk or entries on the judge's docket. The errors to be remedied are called irregularities or clerical errors. The following cases fairly illustrate what are so classified: Robertson v. Neal, 60 Mo. 579; Fletcher v. Coombs, 58 Mo. 430; State ex rel. v. Judge, 61 Mo. 166.

There is another line of decisions in the State which hold that for an error of fact which may be shown by affidavit or other evidence, a judgment may be attacked by motion at a subsequent term. Neenan v. City of St. Joseph, 126 Mo. 89, was a tax suit in which a judgment had been rendered against an infant without the appointment of a *guardian ad litem*. This was contrary to law, and the court held that it was proper to amend the judgment at a subsequent term by setting same aside as to the infant. In Ex parte Gray, 77 Mo. 160, the defendant who was under eighteen years of age, was sentenced by the court to the penitentiary. This was contrary to law. The court at a subsequent term, upon being

advised of said fact, revoked the sentence and committed the prisoner to the county jail. He was, however, taken, it is supposed, under the original sentence, to the penitentiary. He sued out a writ of habeas corpus from the Supreme Court, which held that the action of the trial court in setting aside the former sentence and committing the prisoner to the county jail, was legal, and released him from the penitentiary and resentenced him to the county jail.

In Craig v. Smith, 65 Mo. 536, it was held that a motion (filed at a subsequent term) to vacate and set aside a judgment on the ground that, at the time of its rendition, the court had no jurisdiction of the defendant's person, may be regarded in the nature of a *writ of error coram nobis*, or as warranted by the statute authorizing a motion for this purpose to be filed within three years from the rendition of the judgment. In Latshaw v. McNees, 50 Mo. 381, a similar rule was applied, as the judgment was against a married woman alone, which was against the statute then in force. In Randolph v. Sloan, 58 Mo. 155, it was held that as there was no personal service and no appearance to the action, the defendant had three years in which to review the judgment.

In all this class of cases it will be seen that the courts base their rulings on the ground that the judgments were irregular; not that there were clerical errors in entering the wrong judgments. The vice consists in rendering judgments that are unauthorized by law. In Neenan v. City of St. Joseph, and Ex parte Gray, supra, a motion of this kind is treated as a writ of error *coram nobis or vobis*. This was a common-law writ issued when the facts affected the validity and regularity of the judgment itself, and to remedy such defects. Stephens Pleadings, 139. For instance, in a case when a party to the suit was dead at its commencement, when a judgment was entered against an infant when not represented by his guardian; or when a judgment was entered against a

married woman without joining her husband, as was the case in Latshaw v. McNees, supra.

There is another class of cases in which it is held that a judgment can not be amended at a subsequent term by establishing facts by extraneous evidence, or evidence other than that of some entry on the clerk's minutes or the judge's docket or from matters of record. In Ross v. Ross, 83 Mo. 100, it was held that a court can not at a subsequent term change its judgment to one it neither rendered nor intended to render; and that as a general rule, no final judgment can be amended after the term at which it was rendered. The proceedings were to set aside a conveyance of a tract of land in range 12, Cape Girardeau county, on the ground of fraud perpetrated by the grantee, but afterwards the petition was amended wherein it was alleged that the deed was intended as a mortgage. After judgment the case was appealed, after which it was discovered that there was a misdescription of the land, and on motion and after sale under the judgment, the description was changed to range 13 in the place of range 12, as it appeared in the petition and original judgment. The defendant moved to set aside the sale because it was made under said amended judgment. The motion was overruled. The court held that the motion should have been sustained, on the ground that the amendment to the judgment was unauthorized. The opinion was: "The mistake in the original proceedings was not a mistake of the court, but a mistake made by the pleader, and the judgment following the petition was the very judgment prayed for and actually rendered." See also Hubbard v. Moss, 65 Mo. 647; State ex rel. v. Harper, 56 Mo. App. 611; Jones v. Hart, 60 Mo. 351; and Woolridge v. Quinn, 70 Mo. 370. A careful examination of all the cases cited in this opinion will show that there is no conflict between them, but that they apply to different state of facts.

This case comes under the rule laid down in Ross v.

Ross, supra. It is not often that the facts in two different cases are so nearly parallel. Here the vice is in the misdescription of the land in the petition and in the original judgment. It was so in Ross v. Ross. The motion in each is to correct both petition and judgment so as to make them correspond to the intention of the pleader. The judgment was rendered in each case upon the description in the petition. Precisely the same language will apply to this case, that was applied to the other. This is not a proceeding to amend or attack an irregular or illegal judgment, for it is both regular and legal. It is the judgment the court intended to render, in fact the only one it could have rendered under the pleadings. A writ of error *coram nobis or vobis,* nor a motion to cure an irregularity will avail the plaintiff. But plaintiff claims, as the evidence preserved in the bill of exceptions, being a part of the record, shows a true description of the lots, the court was authorized to correct the error under section 660, Revised Statutes 1899. This evidence shows a variance between the pleadings and the proof, and the practice in such cases is governed by section 655, supra, which regulates amendments during the trial.

From what has been said we are of the opinion that the judgment of trial court was sound. Cause affirmed. All concur.