# Horace Flanders *vs.* Elisha P. Barstow.

By a conveyance of goods in mortgage, the whole legal title passes condition-ally to the mortgagee; and if not redeemed at the time stipulated, his title becomes absolute at law; though equity will interfere to compel a redemp-tion.

If a mortgage of goods be made, conditioned to be void on the payment of one note in sixty days and another in ninety days, the title of the mortgagee becomes absolute at law on the failure to pay the notes at the times they respectively become payable; but although the mortgage be under seal, the time of payment may be enlarged by parol, and the condition saved until the expiration of the extended time.

An agreement " to extend the mortgage fifteen or twenty days," gives an ex-tension of the time of payment of each note for the term of twenty days beyond the time they respectively become payable, and no further.

And if the goods be sold by the mortgagee, after the condition had been brok en by the neglect of payment of one of the notes for more than twenty days after it became payable, for a sum exceeding the amount of the notes, the balance cannot be recovered of the mortgagee in an action for money had and received.

This action was assumpsit for money had and received. The action was referred to referees, who reported a state of facts, and based their opinion upon the decisions of certain questions of law, specially referred to the Court. From the report and papers re-ferred to, it appeared, that on *April* 19, 1837, the plaintiff mort-gaged to the defendant, by an instrument under seal, certain personal property to secure the payment of one note payable in sixty days and another in ninety days from date. The bill of sale was to be void on the payment of those notes when they fell due. It was proved by parol testimony, that " two days before the first note fell due, an agent of the plaintiff called upon the defendant, and re-quested him to extend the mortgage fifteen or twenty days, and the defendant distinctly agreed to extend the mortgage fifteen or twenty days." Seven days after the last note became payable, the defend-ant took and sold the mortgaged property and converted the same into money. The property sold for more than the amount of the notes. On *Sept.* 24, 1837, the plaintiff tendered to the defendant the amount of both notes. It was submitted, whether on these facts the action could be maintained. The District Judge ordered judg-ment to be rendered for the defendant, and the plaintiff excepted.

Flanders *v.* Barstow.

*Bradbury*, for the plaintiff, urged, that the true construction of the agreement " to extend the mortgage," was to extend the time of payment on each of the notes for the term of fifteen days after it became payable. As the property was sold but seven days after the last note was payable, the plaintiff is entitled to recover the balance. This is an equitable action, and in equity the plaintiff is entitled only to his debt.

*Boutelle*, for the defendant, contended, that the extension of time had only reference to the first note. But if it had reference to both, the result would be the same, for the first note was not paid, and the sale was long after the expiration of the fifteen days given on that note. The language must be construed according to the common acceptation of the words. 2 *Kent*, 557 ; *Story on Bailments*, 197.

The opinion of the Court was drawn up by

WESTON C. J. — The right of the plaintiff to recover in this action, will depend upon the question, whether at the time of the sale by the defendant, of the chattels described in the schedule annexed to the mortgage, his title thereto had become absolute at law. And we are of opinion, that such was the fact.

By a conveyance of goods in mortgage, the whole legal title passes conditionally to the mortgagee ; and if not redeemed at the time stipulated, his title becomes absolute at law ; though equity will interfere to compel a redemption. *Story on Bailments, c.* 5, § 287 ; 4 *Kent*, 138.

If the condition had been broken at the time of the sale, the defendant's legal title had become absolute. The plaintiff having failed to pay the first note, at the time stipulated, was a breach of the condition, if the time had not been enlarged. Being enlarged, the condition was saved, until the extended time had run out. The parol agreement, made by the defendant was, that he would extend the mortgage fifteen or twenty days. This would fairly give to the plaintiff an extension for the longer period. To entitle the plaintiff to redeem, by the condition of the mortgage, he was to pay two sums of equal amount, the one in sixty, and the other in ninety days, from the date of the instrument.

It is insisted, by the counsel for the plaintiff, that under the pa-

rol agreement, he might delay payment of both notes, without for-feiting his right to redeem, for fifteen or twenty days, after the second note was payable. This is extending the indulgence granted beyond what it will fairly bear. It may be justly understood to mean, that the plaintiff was to have an extension of fifteen or twenty days, upon each note. Upon the construction, set up by the plaintiff, it would be giving him forty-five or fifty days enlarged time, upon the first note, which we think is not deducible from the language used by the defendant.

*Exceptions overruled.*