CATHARINE KANE, Appellant, v. CARLOS CORTESY et al., Respondents.

Where an order of General Term, reversing a judgment entered on the report of a referee, omits to state that the reversal was upon the facts as well as the law, so far as the facts are concerned, it is for this court, on appeal from the order, simply to determine if there was any evidence sufficient in law to sustain the judgment.

Where, in consideration of an agreement on the part of the owner of a mortgage to extend the time of payment of the mortgage debt, the mortgagor gave a chattel mortgage as additional security, *held*, that a clause in the chattel mortgage, giving to the mortgagee the right, in case she at any time deemed herself or the securities unsafe, to take possession of and sell the mortgaged chattels, applying the proceeds on the debt, could not defeat the operation of the extension as a release of sureties for the debt, or cause it to become due in the contingency mentioned.

Also *held*, that even if the effect of said clause was to allow the owner of the mortgage, at her option, to foreclose either mortgage, as the sureties had no option to defeat the extension, it left the agreement to operate in full force on their rights as such sureties, and it having been entered into without their consent, they were thereby discharged from liability.

It appeared in such a case that the owner authorized an agent to procure additional security for the real estate mortgage, leaving it to his judgment to make the best arrangement he could for that purpose. *Held*, that the agent was authorized to make an agreement for a reasonable extension of time of payment, and the fact that the owner did not know of or assent to it did not affect the force of the agreement as a release of the sureties.

Statement of case.

Also *held,* that the owner by taking, holding and foreclosing the chattel mortgage, after she knew that the mortgagor claimed it was given in consideration of the agreement to extend the time of payment, must be deemed to have ratified the same even if the agent had not authority to make it.

Also *held,* that oral evidence was competent to prove the agreement for extension of time.

The owner began suit to foreclose the real estate mortgage; the mortgagor set up as a defense the agreement to extend time, but upon the trial gave no evidence to prove it, and judgment of foreclosure was rendered. *Held,* that the sureties, as they were not made parties to said action, were not concluded by the judgment from claiming that there was a valid extension.

(Argued June 23, 1885 ; decided October 6, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made January 23, 1883, which reversed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon a guaranty by defendants of payment of a bond and mortgage executed by one Prentice. Defendants set up as a defense among others a release by means of an agreement made without their knowledge or assent between plaintiff and the mortgagor, to extend the time of payment in consideration of the giving by the latter of a chattel mortgage as additional security. The referee found that there was no valid agreement to extend the time. The order of reversal did not specify that it was both on the law and the facts.

The material facts are stated in the opinion.

*M. M. Waters* for appellant. The mere taking of collateral security, in the absence of an agreement beyond it, is not an extension of time for the payment of the original debt. (*Cary* v. *White,* 52 N. Y. 138 ; *Remsen* v. *Graves,* 41 id. 472 ; *Williams* v. *Townsend,* 1 Bosw. 411 ; *Nat. Bk.* v. *Bigler,* 83 N. Y. 53 ; Brandt on Suretyship, 431 ; *Austin* v. *Curtis,* 31 Vt. 64.) Matthews was only a special agent to get additional security for plaintiff ; he had no power to extend the time of

payment without the consent of plaintiff, and hence no agreement that he could make would discharge the sureties. (*Craighead* v. *Peterson*, 72 N. Y. 279, 283 ; Story on Agency, § 72.) An agent having authority to collect, or as in this case to get additional security, has no power to extend the time of payment. (*Hutchings* v. *Munger*, 41 N. Y. 155 ; *Ritch* v. *Smith*, 82 id. 627.) The chattel mortgage expressly recites that it is limited and given as collateral security, and this cannot be contradicted by oral evidence. (*Cary* v. *White*, 52 N. Y. 143 ; *Cox* v. *Barker*, 49 id. 107 ; *Von Bokkelen* v. *Taylor*, 62 id. 105.) Neither could the contract expressed in the chattel mortgage be enlarged by oral evidence. (*Wilson* v. *Dean*, 74 N. Y. 531 ; *Unnsell* v. *Flood*, 45 N. Y. Supr. 460 ; *Odell* v. *Mulov*, 11 Weekly Dig. 303 ; *Ely* v. *Phelps*, 20 id. 147.) The referee having found upon ample evidence that the chattel mortgage was made by the mortgagor under an express agreement and understanding that the plaintiff did not waive her right to foreclose her land mortgage, and that she would have the right to foreclose the same at any time she desired, the surety's liability will remain, notwithstanding the arrangement between the creditor and the principal. (*Morgan* v. *Smith*, 70 N. Y. 545 ; *Calvo* v. *Davies*, 73 id. 217 ; *Nat. Bk.* v. *Bigler*, 83 id. 66 ; *Palmer* v. *Purdy*, id. 149 ; 73 id. 217.)

*Edmund O'Connor* for respondents. After a breach of a sealed agreement, it may be modified in any respect or wholly rescinded, or the time of its performance enlarged by an executed parol agreement founded upon a sufficient consideration. (*Dodge* v. *Crandall*, 30 N. Y. 308 ; *Bangs* v. *Mosher*, 23 Barb. 478 ; *Brooks* v. *Wright*, 13 Allen [Mass.], 12.) The chattel mortgage was not the contract between Prentice and the plaintiff. It was simply the consideration sustaining the agreement made to extend the time of payment to the original debt, and this fact may be proved by parol. (*Chapin* v. *Dobson*, 78 N. Y. 74.) The stipulation extending the time of payment must be deemed to have been made "subject to the consent of the surety." (*Morgan* v. *Smith*, 70 N. Y. 543 ; *Calvo* v. *Davies*,

73 id. 217 ; *Nat. Bk.* v. *Bigler*, 83 id. 66.)   The extension of the time of payment of the mortgage debt was such an alteration of the defendants' contract of guaranty as discharged them from all liability thereon.   (*Hoffman* v. *Hurlbut*, 13 Wend. 575 ; *Bangs* v. *Strong*, 7 Hill, 250 ; *Murray* v. *Marshall*, 94 N. Y. 611; *Spencer* v. *Spencer*, 95 id. 353 ; *Lim. Bk.* v. *Mallett*, 34 Me. 547 ; *Gifford* v. *Allen*, 3 Metc. [Mass.] 258 ; *Wright* v. *Bartell*, 43 N. H. 548 ; *People's Bank* v. *Pearson*, 30 Vt. 711 ; *Myers* v. *First Nat. Bk.*, 75 Ill. 257.) The chattel mortgage was given on the express condition that the time for the payment of the mortgage debt should be extended ; and the plaintiff, by accepting the mortgage and appropriating the benefits thereof, is now estopped from denying that time was given.   (*Grinan* v. *Platt*, 31 Barb. 328.)   A ratification once made, upon full knowledge of all the material facts, becomes at once obligatory and cannot afterward be revoked or canceled.   (*Clark* v. *Van Remsdyck*, 9 Crand. 153 ; *Hazel* v. *Batcher*, 44 N. H. 40 ; *Bell* v. *Byerson*, 11 Iowa, 233.)   A principal who is informed of an unauthorized act done by an agent must give notice of his dissent within a reasonable time, or his assent and ratification will be assumed.   (*Cairns* v. *Bleecker*, 12 Johns. 300 ; *Jervis* v. *Hayt*, 2 Hun, 269 ; *Farwell* v. *Howard*, 26 Iowa, 38 ; *Law* v. *Cross*, 1 Black [U. S.], 523 ; *Williams* v. *Merritt*, 23 Ill. 623.)   The respondent is not confined in this court to the grounds upon which the decision below was based, but may show other grounds for sustaining it.   (*Simar* v. *Canaday*, 53 N. Y. 298 ; *Krekeler* v. *Thorne*, 73 id. 608.)

EARL, J.   If the order of the General Term had specified that the judgment entered upon the report of the referee was reversed, both upon the law and the facts, the case would have been free from doubt upon this appeal.   But as the reversal was for error of law only, the evidence must be carefully scrutinized to see if there was any which in law was sufficient to sustain the judgment.

There were but three witnesses who testified — Prentice,

the mortgagor, Matthews, plaintiff's agent, and Griswold, the attorney who drew the chattel mortgage — concerning the alleged agreement extending the time of payment upon the real estate mortgage, and we think their evidence establishes its existence beyond controversy. They testified four years after the transaction took place, and while they could not give the exact language used at the time, they gave the substance of it so as to leave no reasonable doubt as to what was intended. Prentice testified: "Matthews said she (plaintiff) felt as if she was not hardly safe, and wanted me to give some additional security; I told him I would, by having the time extended; I was to give him the chattel mortgage and pay him $250 in one year, and the other $250 in two years." "The substance of the conversation was that I would give a chattel mortgage if he would extend the time for payment of real estate mortgage — one-half one year, and the other half two years." Matthews testified that he told Prentice that the plaintiff would give him further time upon the real estate mortgage if he would give additional security; that he and Prentice then went to Griswold's office and explained to him what they had agreed upon, and requested him to draw a chattel mortgage covering the points, stating to him that the plaintiff "held a bond and mortgage against Mr. Prentice, which was due, and Mr. Prentice did not wish to pay it at the present time, and that Mr. Prentice had consented to give a chattel mortgage as collateral to the real estate mortgage, and by doing so was to have the time extended as stated in the chattel mortgage" — one-half of the real estate mortgage to be paid in one year, and the balance at the end of two years. Griswold testified that Prentice and Matthews came to his office and the latter wished him to draw a chattel "mortgage extending the time of payment of real estate mortgage, part for one year and part for two years."

The evidence of these witnesses is very much confirmed by the giving of the chattel mortgage and its form. Prentice was under no obligation to give the mortgage, and it is reasonable to suppose that the only inducement for giving it was the

extension of time for the payment of the real estate mortgage. It is recited in the chattel mortgage that it was given to secure the same debt secured by the real estate mortgage, and it was conditioned to pay the real estate mortgage as follows: $250 and interest on the whole sum in one year, and the balance with interest in two years, in precise accordance with the parol agreement testified to by the witnesses. Why was the chattel mortgage thus written unless the payments upon the real estate mortgage were thus deferred?

The chattel mortgage contained this clause : " In case the said Catherine Kane shall at any time deem herself or said real estate mortgage or this security unsafe, it shall be lawful for her to take possession of such property and to sell the same at public or private sale previous to the time above mentioned for the payment of said debt, applying the proceeds as aforesaid after deducting all expenses," etc. This clause could not defeat the operation of the extension agreed upon, or cause the debt secured to become due in the contingency mentioned. Its only effect was to authorize the earlier sale of the chattels and the application of the proceeds upon the debt, and that could be done only at the option of the mortgagee. It gave no rights to the defendants as sureties for the debt, and they could not by virtue of that clause pay the real estate mortgage and take an assignment thereof and enforce the same before the extended time of payment had arrived. And as the extension of time was thus effectual against the sureties it discharged them, notwithstanding the clause mentioned.

After the chattel mortgage was executed, Matthews took it and delivered it to the plaintiff, and with it, he delivered to her a paper on which he had written as follows: " A renewal of this mortgage must be made before the year from date of filing expires, in order to secure its validity for more than one year. The acceptance of this mortgage, with the times of payment mentioned, does not prevent foreclosing land mortgage at any time the mortgagee desires to do so, or deems herself unsafe." This was written after the agreement for the extension of payment had been made and after the chattel

mortgage was executed and delivered, and there is no claim that Prentice assented to it or had any knowledge whatever of it, and hence it can have no effect except possibly to discredit Matthews. It embodies his view of the law. He undoubtedly supposed that under the danger clause in the chattel mortgage the plaintiff could, at her option, foreclose either mortgage. Even if such had been the effect of that clause or of the agreement made, as the defendants had no option to defeat the extension, it left the agreement to operate in full force upon their rights as sureties.

There was nothing in the testimony of the plaintiff to weaken the force of the evidence thus far alluded to. She testified that she did not know of or consent to the extension of time of payment upon the real estate mortgage, and that she gave no authority to Matthews to agree to such extension. The extension may have been given without her knowledge and yet she be bound by it in consequence of the authority given to her agent and her subsequent conduct in ratification of his acts. The evidence of Matthews shows that he was expressly authorized by the plaintiff to extend the time of payment upon the real estate mortgage upon obtaining additional security ; but as she denied this, that evidence may be laid aside. Prentice testified that the plaintiff told him that she had left her business as to the real estate mortgage with Matthews, and that whatever arrangement he made with him would be all right, and Matthews testified that she said to him that she would leave it to his judgment to make the best arrangement he could for obtaining the additional security ; and this evidence she did not as a witness controvert or dispute. It was sufficient to establish that Matthews had authority to make the agreement. But further, it is undisputed that the real estate mortgage with the bond accompanying the same was placed in the hands of Matthews, and that he was authorized to obtain the chattel mortgage as collateral security for the debt secured by the real estate mortgage. There were no restrictions placed upon that authority, and it empowered Matthews to agree to any reasonable and ordinary terms and

conditions requisite and proper to obtain the security, and under the authority we think he could agree to a reasonable extension of the time of payment of the debt secured. It cannot be supposed that she expected her agent would obtain the additional security without any consideration or advantage whatever to her debtor. If, however, the original authority to Matthews was not sufficient, the plaintiff must be held to have ratified the agreement made by him by taking, keeping and foreclosing the chattel mortgage. It is undoubtedly true that that mortgage was given in consideration of the agreement to extend the time, and she could not repudiate the agreement and yet retain its fruits. Having had the full benefit of the agreement made by her agent, she must · stand by the agreement, particularly as she foreclosed the chattel mortgage after she knew that Prentice claimed that it was given in consideration of the agreement for the extension of time to pay the real estate mortgage.

The parol evidence as to the agreement for the extension of time does not come under the ban of the rule which prohibits parol evidence to explain, vary or contradict written instruments. It does not contradict or vary the real estate mortgage. That was past due, and the time for its payment could be extended by any valid agreement. It does not contradict the chattel mortgage. That is complete in itself and was not intended to embody the agreement. Its sole purpose was to give the additional security. This was an independent agreement existing outside of the two mortgages. It was the occasion or condition inducing the giving of the chattel mortgage, and no rule of evidence was violated in allowing it to be proved by parol.

The plaintiff commenced the foreclosure of her real estate mortgage in October, 1878, making the mortgagor and his wife only defendants. To that action the defendants therein set up as a defense this same agreement for the extension of the time of payment. But upon the trial of the action they gave no evidence and judgment went against them. It is now claimed that these defendants are concluded by that judgment from

claiming that there was a valid extension of the time of payment. But the simple answer to the claim is that these defendants were not parties to that action, and hence are not estopped by any thing adjudicated therein.

Although the evidence adduced by the defendants may have been somewhat shaken by the cross-examination of their witnesses and by the introduction of the paper written by Matthews and delivered to the plaintiff with the chattel mortgage, yet the case of the defendants is so strong upon the face of the chattel mortgage, and the probabilities and circumstances surrounding the transaction, and their evidence in the main stands so firm and fair, that it was error of law to find that there was no valid or sufficient agreement for the extension of the time of payment of the real estate mortgage.

The order of the General Term should, therefore, be affirmed, and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.