CRIGLER *et al. v.* BEDELL *et al.*

(*Supreme Court, General Term, Fourth Department.* January, 1889.)

1. CONTRACTS—VALIDITY—CREDIT TO THIRD PERSON.
   An agreement by a creditor, in consideration of the indorsement of the notes of a debtor by a third person, that the latter shall incur no liability unless the creditor shall at once sell to the debtor on her individual credit a certain amount of goods is valid, and a failure to perform such agreement is a good defense in an action by the creditor against the indorser.

2. PRINCIPAL AND AGENT—RATIFICATION—ACCEPTING BENEFIT OF CONTRACT.
   Plaintiffs cannot object that such agreement was made by their agent without authority, where, having kept the notes, and having knowledge of the agreement they seek to enforce the notes; such acts constituting a ratification of the agreement.

Appeal from judgment on report of referee.

Action by Llewllyn N. Crigier and Robert L. Crigler against Ezra M. Bedell and others. From a judgment dismissing the complaint as to the defendant Bedell, the plaintiffs appeal.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*George H. Sears,* for appellants. *Frank Hopkins,* for respondents.

MARTIN, J. This action was to recover on a promissory note made by the defendant Libbie S. Gates and indorsed by the defendants Fay L. Gates and Ezra M. Bedell. The referee held that the plaintiffs were entitled to a judgment against the defendants Libbie and Fay L. Gates for the amount of the note, interest, protest fees, and costs; but he also held that they were not entitled to recover against the defendant Bedell, and directed a judgment in his favor dismissing the complaint as to him, with costs. The note upon which this action was brought was dated November 1, 1886. It was given to secure the payment of $100 seven months from date. When this note was given, the firm of Gates & Crysler, or Gates & Co., of which firm the defendant Libbie S. Gates was a member, was indebted to the plaintiffs in about the sum of $800. On that day the plaintiffs' general agent entered into an arrangement with the defendants whereby notes were to be given for the greater portion, if not for all, of such indebtedness, and procured the defendant Bedell to indorse several of the notes thus given, which, in the aggregate, amounted to about $500. The note in suit was one of the notes so given and indorsed by the defendant Bedell. The agreement between the plaintiffs' agent and the defendants was that the defendant Bedell would indorse the notes of the defendant Libbie S. Gates to the amount stated, provided the plaintiffs would at once sell her goods on her individual credit to an amount equal to the amount of all the notes indorsed for her by Bedell. When these notes were made and indorsed, and as a part of the agreement between the parties, the plaintiffs' agent made the following written contract with the defendants:

"SYRACUSE, November 1, 1886.

"In consideration of Ezra M. Bedell's indorsement of certain promissory notes of Libbie S. Gates, we agree to sell her goods on her individual credit at once, to the amount of all the notes indorsed by the said Bedell for the said Libbie S. Gates, and this day given to us. This is done so as to give her a chance to work out of debt, and that the indorser incur no liability, unless this agreement is carried out, on the said notes.

"CRIGLER & CRIGLER,
"Per PEEHL."

Two questions are presented on this appeal: (1) As to the authority of the plaintiffs' agent to make the agreement in question; (2) as to the effect of such agreement, and whether the refusal of the plaintiffs to perform it constituted a defense to the note in suit in favor of Bedell.

We deem it unnecessary to pass upon the question whether the plaintiffs' agent had authority to make the contract set forth, as the evidence discloses the fact that the plaintiffs knew of such contract before this action was commenced, and with such knowledge sought to enforce the note in suit. It is a well-settled doctrine of the law of agency that a principal cannot enjoy the fruits of a bargain made by his agent without adopting all the instrumentalities employed by the agent in bringing it to a consummation. *Kane* v. *Cortesy*, 100 N. Y. 132–139, 2 N. E. Rep. 874; *Elwell* v. *Chamberlin*, 31 N. Y. 611; *Bennett* v. *Judson*, 21 N. Y. 238; *Rush* v. *Dilks*, 43 Hun, 282. If, therefore, the plaintiffs' agent did not have original authority sufficient to bind the plaintiffs by such contract, still the plaintiffs must be held to have ratified it by keeping the notes, and seeking to enforce them after they had full knowledge of it, and of the instrumentalities by which the notes, and the defendant Bedell's indorsement thereon, were obtained.

This leaves for consideration the question of the effect of the plaintiffs' contract, and their refusal to perform it upon their right of recovery on this note. That the only consideration which induced the defendant Bedell to indorse the note in suit was the plaintiffs' contract, is found by the referee, and sustained by the evidence. That its purpose was to secure for the maker of the note a credit that would enable her to continue her business, and thus procure the means with which to pay these notes, is manifest from the contract

.itself.  The contract was that the defendant Bedell should incur no liability by indorsing such notes unless the plaintiffs should fulfill their contract to sell at once to the defendant Libbie S. Gates, on her individual credit, goods to the amount of the notes thus indorsed.   This the plaintiffs refused to do, and unless this contract was invalid, it must follow that the defendant Bedell was not liable in this action.   That this contract was valid, and that a violation of the plaintiffs' agreement to furnish goods as provided for thereby constituted a valid defense to the note in suit, we cannot doubt.   *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Steel Co.* v. *Buckley*, 51 N. Y. Super. Ct. 342; *Beauford* v. *Patterson*, 63 How. 81.   We do not think it can properly be said that Bedell was not injured by the failure of the plaintiffs to perform their contract, and therefore that such defense should not be sustained; for, as we have seen, its purpose was to furnish goods to enable the maker to provide the means with which to pay such notes, and it is fair to assume that if such contract had been fulfilled the notes would have been paid by the maker.   It therefore seems quite clear that the defendant Bedell would, if required to pay this note, be injured by the plaintiffs' failure to perform their agreement.   Moreover, Bedell had a right to make just such a contract as to his indorsement and his liability thereon as he saw fit, and to insist that it should be fulfilled.   He made a contract that the goods should be furnished, or he should incur no liability as indorser.   This agreement was valid as between the parties, and he is entitled to have it enforced.

We are of the opinion that the findings of the referee, so far as necessary to sustain the judgment appealed from, are justified by the evidence, and that the judgment appealed from was proper.   As there are no questions as to the admission or rejection of evidence that require special examination, or that would justify an interference with the judgment herein, the judgment should be affirmed.   Judgment affirmed, with costs.