BROWN, P. J.
—This action was brought to foreclose a mortgage upon real estate given by one Henry T. Titus to the appellants to secure them as securities upon three several promissory notes made by said Titus, and held by the plaintiff, and which mortgage was by said appellants assigned to the plaintiff. The appellants appeal from that part of the judgment which adjudged them to be liable for such deficiency on the debt as might exist after a sale of the mortgaged premises. The defense pleaded was that the plaintiff had, without the appellants’ consent, extended the time of payment of the notes in suit for 30 days from the date of a certain chattel mortgage executed by said Henry P. Titus, and delivered to the plaintiff, and that such agreement discharged the appellants from their liability upon the notes in suit. The mortgage sought to be foreclosed was dated January 11, 1895, and was given to secure the payment of three notes, one of which bore date March 26, 1889, and the other two April 3, 1889, all being payable on demand, with interest. On the date aforesaid, the plaintiff was the holder of said three notes, upon which there was then unpaid $36,600, and also of an overdue note made by said Titus fpr $1,800, dated July 25, 1894, and payable four months after date. On that date, said Titus executed and delivered to the plaintiff a chattel mortgage, which after reciting his indebtedness as aforesaid, provided as follows: “Now for securing payment of the said first above-mentioned note [being the $1,800, note], or any renewal or renewals thereof, and in consideration of *558 agreement to renew the same for thirty days, and also for securing payment of said last three above mentioned notes, after said first above-mentioned note, and any renewal or renewals thereof, shall be first paid or provided for, I do hereby sell, assign,” etc. “This mortgage is on the express condition that if the said Henry P. Titus * * * slial pay to the said Fallkill National Bank of Poughkeepsie eighteen hundred dollars, as conditioned in said first above-mentioned note, or any renewal or renewals thereof, and shall also pay'the sum of thirty-six thousand six hundred dollars, as conditioned in said last three above-mentioned notes, * * * then under this transfer to be void and of no effect.” The argument of the counsel for appellants is that the intent and purpose of the agreement contained in the chattel mortgage was to postpone the payment of three demand notes until 30 days after the date of the renewal of the $1,800 note. This conténtion cannot be sustained. The terms of the chattel mortgage fixed the order in which that security should be applied to the payment of the respective notes. It did no purport or alter terms of the demand notes, nor to postpone their payment until the maturity of the renewal of the $1,-800 note. The bank was left entirely free to sue upon the demand notes, or to avail itself of the security of the real-estate mortgage for their payment, and, in fact, this action was commenced before the expiration of thirty days from the date of the chattel mortgage. Had the appellants paid the original debt to the plaintiff, there was nothing in the terms of the chattel mortgage that would have prevented their immediately suing their principal therefor. The chattel mortgage was merely a new and additional collateral security for the payment of the three demanded notes ; and the rule is well settled that taking a new security from the debtor without agreeing to give him time does not discharge a surety. Wood v. Robinson, 22 N. Y. 564 ; Cary v. White, 52 id. 138. The fact that the collateral may not be enforceable until a definite time in the future does npt operate to extend the time of payment of the principal debt or suspend the right to sue upon the original security. U. S. v. Hodge, 6 How. 279. In all cases where it has been held that the time of payment of the original debt has been extended by the receipt of collateral security, there has been an express or implied agreement to that effect. Such were the cases of Place v. McIlvain, 38 N. Y. 96, and Hubbard v. Gurney, 64 N. Y. 457, cited by the appellants. In Kane v. Cortesy, 100 N. Y. 132, the only question discussed was whether the testimony conclusively established an agreement to extend the time of payment of the original debt. There is no question in the case before us but that the time for the payment of the $1,800 note was extended for thirty days, and that the note was to be paid out of the proceeds of the sale of the chattels mortgaged, before any of such proceeds could be applied to the payment of the three demand notes, but the testimony does not show that payment of the demand notes was to be postponed for any definite time, and the court’s finding to that 'effect has ample support in the evidence.
*559 The judgment, so far as appealed from, must be affirmed, with costs.
All concur.