### MANUEL ENOS *vs.* JOHN D. ENOS.

#### OCTOBER 18, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Bills and Notes.  Extension of Time for Payment.  Oral agreement.*

An oral agreement for good consideration may be made between maker and payee of a note to extend the time fixed by the note for payment.

(2)  *Bills and Notes.  Extension of Time for Payment.  Proof.*

When disputed by plaintiff proof of extension of time for payment of a note may be aided by surrounding circumstances.

(3)  *Bills and Notes.  Extension of Time for Payment.  Proof.*

In an action on notes given for purchase of a herd of cows, evidence that after maturity of notes plaintiff and defendant orally agreed that time for payment be extended until a tuberculin test upon the cows had been "straightened out", in consideration of the purchase by defendant of other cows in place of those condemned under the test, was properly admitted.

(4)  *Pleading.  Plea in Abatement.*

While a plea in abatement can not be interposed after a plea to the substance, filing such a plea is not reversible error where the matter therein pleaded had been properly admitted in evidence under the general issue in assumpsit.

(5)  *Verdict Non Obstante Veredicto.*

Whether a motion to order a verdict *non obstante veredicto* ever may be entered by the Superior Court is not decided, since the refusal to grant such motion was not error where the verdict was supported by the testimony.

ASSUMPSIT.  Heard on exceptions of plaintiff and overruled.

BARROWS, J.  Plaintiff, the father of defendant, brought this action of assumpsit in May, 1926.  For $5,000 he had

agreed to sell and had delivered to defendant a herd of cows and certain farming implements, retaining a "clingfast" until payment of twenty-five monthly notes, each for $200. Eight were paid. This suit sought to recover on the seventeen unpaid notes, the last of which fell due in June, 1925.

The declaration was in the usual form on promissory notes and on the common counts. No reference therein was made to the original contract. Defendant pleaded the general issue and was permitted to offer evidence that after maturity of the last of said notes it was agreed between plaintiff and defendant that the time for payment of the unpaid notes be extended until a certain tuberculin test upon the cows had been "straightened out." This test was desired both by plaintiff and defendant in order to render the herd more valuable. Defence offered evidence that this test was to be applied three times six months apart and that the last of the three tests had not been completed at the time suit was brought; that the time for the completion of said tests was solely within the control of governmental authorities. Defendant did not and now does not deny his obligation to pay the notes, nor did he deny that the ownership of both the original cows and those by him purchased in substitution for such of the original as were condemned in the tuberculin test resided in plaintiff at the time suit was brought. The defence was simply that the present suit was premature.

Plaintiff and defendant were the only witnesses. The plaintiff denied that he agreed to extend the time of payment. The sole question submitted to the jury was whether the time of payment had been extended and the finding, which has the approval of the trial justice, was that the parties did agree to such extension. Plaintiff's motion for a new trial on the ground that the verdict was against the evidence was denied and he is here on eight exceptions.

Apart from plaintiff's claim that the verdict was against the evidence the exceptions relate to the admission of

evidence, permission given by the court to defendant to file a "plea in abatement" after the argument of counsel for defendant, and refusal to direct a verdict *non obstante veredicto*.

That the verdict was not against the evidence has been found by the trial justice and in view of all the circumstances we can not say that he was in error. Giving the usual weight to his finding the eighth exception can not be sustained.

Five exceptions relate to the alleged erroneous admission of evidence. They are based on the theory that, the notes being given pursuant to a contract claimed to be within the statute of frauds, no evidence of a subsequent oral agreement to defer payments of any of them is admissible. Plaintiff's action, as formerly pointed out, is not one for the enforcement of a contract within the statute of frauds. It is the ordinary action on promissory notes. The defence is an extension of time for payment made upon good consideration, viz., the purchase by defendant of cows in place of those condemned under the tuberculin test. These substituted cows were admitted by defendant to be the property of plaintiff. An oral agreement for good consideration may be made between maker and payee of a note to extend the time fixed by the note for payment. 8 C. J. 429; *Flanders* v. *Barstow*, 18 Me. 357; *Reynolds* v. *Barnard*, 36 Ill. App. 218; *Kane* v. *Cortesy*, 100 N. Y. 132; *Morse* v. *Huntington*, 40 Vt. 488; *Grafton Bank* v. *Woodward*, 5 N. H. 99. When disputed by plaintiff proof of extension may be aided by surrounding circumstances. *Brooks* v. *Wright*, 13 Allen, 72. The exceptions to admission of evidence are overruled.

Nor does plaintiff take anything by his exception to the filing of the so-called "plea in abatement." While it is true that a plea in abatement can not be interposed after a plea to the substance, *Potter* v. *James*, 7 R. I. 312, an examination of the plea here filed and termed a plea in abatement makes clear that the plaintiff suffered no harm

therefrom. The matter therein pleaded had been properly admitted in evidence under the general issue in assumpsit. *Cargill* v. *Atwood*, 18 R. I. 303; *Wells* v. *Great Eastern Casualty Co.*, 40 R. I. 222; *Wholey Boiler Works* v. *Lewis*, 45 R. I. 441, at 449; 2 R. C. L. p. 771. Defendant's counsel and the court differed as to what the plea should be called and the reason for filing such a plea was doubt whether the evidence which had gone in was admissible under the general issue and to prevent a subsequent claim that a verdict for defendant on the general issue was a final bar to plaintiff's action. Defendant expressly disclaimed then, and before this court now expressly disclaims, any contention that the obligation of the notes has ceased to exist. He recognizes that the defence was of a dilatory nature only and not a complete bar to plaintiff's right to payment.

Whether a motion to order a verdict *non obstante veredicto* ever may be entered by the Superior Court we are not called upon to decide because refusal to grant such motion can not be error where as here the verdict found was supported by the testimony.

All of plaintiff's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for plaintiff.
*Edward M. Sullivan, John J. Sullivan*, for defendant.

