Sanders, et al., v. Ohlhausen.

——o——

JOHN H. SANDERS *et al.*, Appellant, *vs* JOHN. V. OHLHAUSEN, interpleader, Respondent.

1. *Landlord and tenant.—Lien of landlord for crop.—Attachment of by creditor of tenant—Interplea, construction of statute*—A tenant, abandoned the leased premises, making default in payment of his rent and leaving behind him an unharvested crop. Before the expiration of the lien theron authorized by statute, (Wag. Stat. 880, § 18), after the landlord had harvested the crop, the same was seized under an attachment levied by a creditor of the tenant. Held, that the landlord had such a right of property in the crop as would enable him, under the general attachment law (Wag. Stat. 192, § 52,) to claim it by interplea.

*Appeal from Cape Girardeau Court of Common Pleas.*
L. Brown, for Appellant.

I. The landlord can enforce such lien only by a strict compliance with the statutory method for such actions. (2 Wag., 881, §§ 26, 27; Schell *vs.* Leland, 45 Mo., 294).

II. The language in section 26, last cited—is "the person to whom the rent is owing MAY before a Justice of the Peace" obtain an attachment—this word *may* is to be read *shall*; (Steines vs. Franklin Co., 48 Mo., 178,) hence the remedy by attachment under the Statute is peremptory and exclusive of all others.

*L. Houck*, for Respondent.

I. A fair and reasonable construction of section 52, Gen. Stat. 1865, 569, (1 Wag. Stat. 192), would authorize any person claiming a special or general property to interplead.

II. The attachment provided by the landlord and tenant act, (see Gen. Stat. 1865, 741, § 26; 2 Wag. Stat. 881,) does not require an attachment to be issued in a case where the crop is already in possession of the landlord, because the affidavit provided for in that section, must show that the landlord " will lose his rent."

III. How could Ohlhausen make such an affidavit? Besides this section is not mandatory, it is a mere cumulative remedy

WAGNER, Judge, delivered the opinion of the Court.

The only question important to be considered in this case is whether the interplea of the respondent was maintainable. The respondent owned certain land which he rented for one year and the tenant sowed the land in grain. After this, and before harvest, the tenant left the premises, and the respondent advanced money to pay for the harvesting and took possession of the grain. The tenant never returned.

Appellant had a debt against the tenant and attached a part of the grain, then in the respondent's possession. Respondent appeared and filed his interplea and claimed that he was entitled to the grain by virtue of his landlord's lien. Judgment was rendered in his favor.

It is insisted that the statute, (1 Wag. Stat., 192, § 52) authorizing the assertion of a claim by interplea in attachment suits, only applies when a person claims the identical property in kind, and that the respondent's case does not come within that classification, and that his only remedy was to proceed under the 26th and 27th sections of the Landlord and Tenant act. (2 Wag. Stat., 881, 882.)

The 18th section of the act regarding landlords and tenants, gives the landlord a lien upon the crop grown on the premises in any one year, and continues the same for eight months after the rent becomes due and payable. The 26th and 27th

sections provide for the manner of enforcing the lien, but is the manner therein pointed out exclusive?

If the crop was in the possession of the tenant or his assignee, then clearly the landlord could not enforce his lien, or acquire any right to the property except by resorting to legal process. (Knox vs. Hunt, 18 Mo., 243.) ·

But the crop during the existence of the lien is not subject to the process of the law without payment of the rent, at the suit of another creditor, as the lien of the landlord protects it from sale. Nothing can be seized under execution which cannot be sold. (Cross on Liens, 48; Knox vs. Hunt, *supra*.)

As the landlord had the property in possession with a special lien thereon, which protected it from seizure and sale till the lien was paid off, I think he had such a right of property as enabled him to claim it by interpleader.

Judgment affirmed. The other judges concur.