HENRY PRICE, Appellant, *vs.* MARY ROETZELL, Adm'x of HENRY ROETZELL, deceased, Respondent.

1. *Landlord and tenant—Rent—Crops—Lien—Attachment—Injunction.*—Under the statute which provides that every landlord shall have a lien upon the crop grown on the demised premises in any year, for the rent that shall accrue for such year, (1 Wagn. Stat., 880, ₰.18,) an attachment as provided for in the 26th section of the same act, (Wagn. Stat., 881-2,) is not necessary to enforce the lien. The court would enforce the lien without such process and would enjoin the removal or disposition of the crops while the lien continued. An attachment is proper only where there is no lien.

*Appeal from St. Louis Circuit Court.*

*H. B. Lighthizer*, for Appellant.

*E. C. Kehr*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This was a petition to enforce a landlord's lien for rent. The petition set out the facts to be, that the plaintiff had leased to one Roetzell, a farm in St. Louis County for three years, at a rent of $500 a year, to be paid on the 1st of Oct. of each year; that the lessee entered upon the premises under the lease and continued in possession until his death, which occurred in the latter part of Sept. 1871, a few days prior to the day when the first year's rent became due; that the rent was demanded of defendant, Mary or Margaret Roetzel, who was administratrix of the estate, but it was not paid; that during the year certain crops of corn and oats were raised on the farm; that these crops were in possession of defendant as administratrix; that the estate was insolvent and the defendant also; that the crops mentioned were of a perishable character and going to waste, and liable to deteriorate in value, unless immediately sold, and that unless summary process was granted for the enforcement of his lien as landlord on said crops, (under sec. 18, Wagn. Stat., 880) there was danger of his losing his rent. Wherefore plaintiff prayed the court for a judgment of lien against said crop, for the said sum of $500, and that said crops may be seized under attachment by the sheriff and sold, and the proceeds

held subject to the further order of this court, and for such other and further relief as to the court may seem just, etc.

To this petition there is annexed an affidavit of said Price, that the amount of rent claimed is correctly stated, and that he has good reason to believe that the defendant intends to remove her property, to-wit: the crops belonging to the said estate, from the leased premises, and that unless an attachment be issued against said crops he will lose his rent.

Upon this petition and affidavit an attachment issued, and the sheriff returned that he had taken into custody the corn and oats raised on the place, and had furnished the defendant with a copy of the petition; that the property first seized was claimed by defendant and a bond given, and certain other property attached.

In December, 1871, the defendant pleaded that it was not true that she intended to remove her property or the property of her deceased husband, and upon this plea there was a jury trial and the verdict was for defendant. Upon the trial it appeared that the crops seized under the attachment were grown on the place rented, that the rent was due; that defendant, after her husband's death, removed from the place and sent to market a load of corn for the purpose of supplying herself with the necessaries of life.

After this trial the court gave a judgment for the plaintiff for $531.00 to be levied on the property of the deceased ; and as it appeared that the suit was commenced within one year from the date of the letters of administration, the costs were adjudged against the plaintiff.

A motion was then made that the sheriff be directed to hold the proceeds of the sale of the crops seized, subject to the enforcement of the plaintiff's lien thereon, and restraining him from paying them over to defendant. This motion was overruled.

Our law provides that "every landlord shall have a lien upon the crop grown on the demised premises in any year for the rent that shall accrue for such year, and such lien shall continue for eight months after such rent shall become due and payable, and no longer."

This suit was to enforce such lien, and in aid of it an attachment was obtained—though absolutely unnecessary—since the court could have enjoined any sale of the crops by the administratrix, and had the right to order their sale as perishable property by the sheriff, and their proceeds held subject to the result of the suit.

It is obvious that the attachment provided for in the 26th section of the landlord and tenant law has no application to such a case as this petition presented, and was improperly obtained. An attachment, such as the section authorizes, is not to enforce a lien against the crops raised during the year, but to secure the rent from property on the place on which there is no lien. Nothing of this kind was asked in the petition. The whole object was to enforce the lien on crops grown on the place, and, as was asserted, going to waste. The affidavit, therefore, appended to the petition, and the plea denying its truth made an issue wholly foreign to the merits of the case. The decision of this issue being against the plaintiff, the court gave the plaintiff a general judgment for his rent, but taxed the costs against him. This judgment would, of course, share the fate of all other claims against the estate.

The main point in the case, which was that the plaintiff had a lien on certain crops raised on the place and asked its enforcement, was not tried.

From the judgment of the court concerning costs, it might be inferred that the court was of opinion that this lien was lost by the death of the tenant, and that the claim for rent must go into the Probate Court to share the fate of other claims against the estate, and this seems to be confirmed by the refusal of the court to direct the proceeds of the sale made by the sheriff to be paid over to plaintiff.

The judgment will be reversed and the cause remanded. The other judges concur.