JOHN Q. HULETT ET AL., Appellants, v. C. W. STOCK-
WELL ET AL., Respondents.

Kansas City Court of Appeals, October 24, 1887.

1.  LANDLORD AND TENANT—LIEN FOR RENT UNDER SECTION 3083,
    REVISED STATUTES—LIEN PERMISSIVE, BUT NOT EXCLUSIVE—EN-
    FORCEABLE ALSO BY ACTION.—Section 3083, Revised Statutes, de-
    clares that "every landlord shall have a lien upon the crops grown
    on the demised premises in any year, for the rent that shall accrue
    for such year, and such lien shall continue for eight months after
    such rent shall become due and payable, and no longer." Section
    3091, Revised Statutes, authorizes the landlord, in certain contin-
    gencies, when he deems his rent endangered by removal, or
    threatened removal, from the premises, of the crops thereon, to re-
    sort to the action of attachment. But this latter remedy is only
    permissive, and not exclusive. The lien given by the statute, in
    favor of the landlord, may be enforced by an action, in the proper
    jurisdiction, as any other lien given by law, or in equity, and no
    other view has ever been entertained in this state. The statute of
    1865, as amended by the act of 1877, and contained in section 3083,
    Revised Statutes, while adding another provision for a lien on
    nursery stock, and granting also the right of attachment for this
    new lien, in no sense qualified the law as it had been interpreted
    respecting the enforcement of the lien by suit without attachment.

2.  ——— ——— SUB-TENANT'S LIABILITY FOR RENT MONEY.—The
    sub-tenants are as much bound for the rent money, to the extent of
    the premises held by them, as the principal tenant. *Hicks v. Mar-
    tin*, 25 Mo. App. 359.

3.  PRACTICE—INJUNCTION—PROCEEDING BY TRIAL COURT IF GROUNDS
    OF NOT SUSTAINED.—It is the office of the court, in maintaining the
    action for the enforcement of the lien, to exercise its customary
    chancery jurisdiction of restraining the defendant, during the liti-
    gation respecting the enforcement of the lien, from destroying,
    removing, or impairing the subject upon which the lien was to
    operate. And if the court finds the grounds of injunction not sus-
    tained by the evidence, it should proceed to judgment on the peti-
    tion for the debt and for the enforcement of the lien against the
    property.

APPEAL from Audrain Circuit Court, HON. ELIJAH
ROBINSON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action to enforce a landlord's lien, with a prayer for a writ of injunction. The facts, as they appear from the pleadings and evidence, are, that, in 1884, the plaintiffs leased their farm to the defendant, Stockwell, for a term of years, taking from him promissory notes for the payment of the rent money. The lease was to terminate the first of March, 1887. The rent was paid up to the year 1886. For that year's rent the defendant gave two promissory notes, one for three hundred dollars, due September 1, 1886, with ten per cent. interest from maturity, the other for two hundred and seventy dollars, due March 1, 1886, with like interest. The last note had a credit of $133.25 endorsed on it, of date of March 22, 1886, and of ten dollars, dated March 26, 1886. Stockwell sub-let a part of the demised premises to the other defendants herein, who raised a crop thereon during the year 1886. Stockwell, it seems, was insolvent. He had removed from the demised premises the portion of the crop raised by him; and the evidence tended to show that the sub-tenants had removed part of the crop so raised by them. Plaintiffs claimed, and so alleged in their petition, that the removal of this crop endangered the collection of the rent, and the enforcement of their landlord's lien thereon; that defendants were insolvent. They prayed judgment for the debt against Stockwell, and for enforcement of the lien against all the crop grown on the premises, and asked for an injunction against defendants to prevent the removal of the residue of the crop.

Stockwell made no defence. The other defendants answered, alleging that they had paid Stockwell the rent for the land sub-let to them, with the knowledge and consent of plaintiffs; and then alleged that said Stockwell, when his debt to plaintiffs became due,

began removing his property from the premises, "and was endangering, hindering, and delaying, by reason of such removal, the collection of said rent," and that plaintiffs failed to bring an attachment to prevent the same.

The circuit court granted a temporary restraining order; but on the final hearing dissolved the injunction, and dismissed the action as to the sub-tenants; and then gave judgment in favor of plaintiffs merely for the amount of the notes. From this judgment the plaintiffs have appealed.

Fry & Mosby, for the appellants.

I. The court below held that, although plaintiffs had a lien upon the crops for the debt sued on, yet such lien could only be enforced by attachment. In this the court erred. Plaintiffs are entitled to a judgment, enforcing their lien, and neither a writ of attachment nor injunction are necessary to the enforcement of the lien. Or plaintiffs may have either a writ of attachment or an injunction as an aid to enforcing the same, if they have grounds for such writs. The lien is an incumbrance created by the statute, and may be enforced before the landlord is entitled to the possession, before the debt is due. Rev. Stat., sect. 3083; *Sheble v. Curdt*, 56 Mo. 439; *Knox v. Hunt*, 18 Mo. 243. If the tenant intended to remove the crops from the premises so as to endanger the collection of the rents, the plaintiffs might seize the property by attachment, or stay and protect it by injunction, in aid of their action to enforce their lien. *Sheble v. Curdt*, 56 Mo. 440; *Price v. Roetzell*, 56 Mo. 500. Enforcement of the lien by attachment is not exclusive. *Sanders v. Ohlhausen*, 51 Mo. 164; *Hubbard v. Moss*, 65 Mo. 652. "We do not think that the attachment was a remedy provided for enforcing the lien, for the lien may be in full force and the landlords have no right to an attachment at all." Then the enforcement

of the landlord's lien by attachment is not the exclusive remedy, and the court erred in so holding.

II.  This is not an action in equity, strictly speaking, but a proceeding to enforce plaintiff's lien as landlord under section 3083, Revised Statutes.  Plaintiffs' debt was not due, and defendant's conduct in the way of removing the crops was not such as to satisfy plaintiffs that they could sustain an attachment; but plaintiffs had a lien and were entitled to have such lien enforced, and were entitled to have the crop stayed on the premises where grown, and protected from waste, etc., until plaintiffs' lien was fixed and enforced by a judgment.  An injunction writ was the proper remedy under the circumstances of this case.  By an injunction proceeding the crop is retained on the premises where grown, in the possession of the tenant.  When attached, the crop is taken absolutely from the tenant and disposed of by forced sale, generally with loss to the tenant and to the gain of the landlord.  Here the plaintiffs are entitled to have their lien enforced, but have not grounds sufficient to sustain an attachment, yet they were entitled to have the crops kept on the premises where grown and protected from waste until their lien was enforced and their debt satisfied out of the crop.  Rev. Stat., sects. 3083, 3091, 3095 ; *Price v. Roetzell*, 56 Mo. 500 ; *Hubbard v. Moss*, 65 Mo. 651 ; *Haseltine v. Ausherman*, 87 Mo. 412 ; *Chamberlain v. Heard*, 22 Mo. App. 416 ; High on Injunction [2 Ed.] sect. 434, and cases cited ; Rev. Stat., sects. 2703, 2722.  The defendant was insolvent and plaintiffs could not sustain an attachment, but to have the crops protected and avoid an attachment proceeding, plaintiffs were entitled to enjoin.  The tenant had no right to remove the crops, and plaintiffs could enjoin.  *Musser v. Brink*, 80 Mo. 350 ; *Town v. Bowers*, 81 Mo. 491.  Injunction will issue to prevent the invasion of a right secured by statute.  *Railroad v. Railroad*, 69 Mo. 65.

III.  The plaintiffs' lien extended to all the crops

grown on the leased premises for the payment of this debt, whether grown by the tenant or his sub-tenants, and the lien is enforced in the same manner against the sub-tenants as against the tenant. Rev. Stat., sect. 3095. The court in its finding should have rendered a special judgment against all the defendants, enforcing the payment of the same out of all crops raised on the leased premises. *Garroutte v. White*, 92 Mo. 237; *Haseltine v. Ausherman*, 87 Mo. 410; *Haughton v. Bauer*, 30 N. W. Rep. (S. C. Ia.) 577.

IV. The court erred in refusing plaintiffs' instruction. *Cunningham v. Snow*, 82 Mo. 593; *Davis v. Scripps*, 2 Mo. 187; *Harbison v. School District*, 89 Mo. 187; *Wilson v. Albert*, 89 Mo. 545.

V. If the injunction writ was improperly issued or was not sustained, the court should have dissolved the injunction and given plaintiffs judgment, enforcing their lien against the crops grown on the premises. Hence, the finding of the court was erroneous.

George Robertson, for the respondents.

I. Plaintiffs had a complete remedy by statute, and, therefore, could not resort to equity. Rev. Stat., sect. 3091; *Chamberlain v. Heard*, 22 Mo. App. 416. The existence of statutory relief for the injury complained of is itself sufficient cause for refusing an injunction. High on Injunctions [1 Ed.] sect. 82, p. 30. Although a court of equity may, sometimes, grant relief when there is an adequate remedy at law, yet, if the defendant pleads that remedy (as was done in this case), that will defeat the equitable relief. *Blair v. Railroad*, 89 Mo. 383.

II. Section 3083, Revised Statutes, 1879, creates the landlord's lien, and section 3091 provides the remedy for enforcing that lien. Where a new right is created by statute, and a remedy furnished, also, by statute for enforcing that right, the statutory remedy is exclusive. Sedgwick on the Construction of Statutory and Consti-

tutional Law, Pomeroy's Notes [2 Ed.] pp. 341 to 345 ;. note *a*, p. 341, and authorities cited.

III. This was a suit in equity, and in equity cases. it is not the practice for the court to declare the law by instructions. Hence, the court did not err in refusing to give plaintiffs' instructions, putting aside the error they contained. *Moore v. Wingate*, 53 Mo. 398 ; *Adams v. Harper*, 20 Mo. App. 684.

IV. Plaintiffs are estopped from claiming any rent of defendants, except Stockwell. They authorized him to sub-let, stood by, and saw Stockwell take the notes in advance payment for the rent, and convert them into cash ; allowed him to dispose of the oats and most of the corn raised by him, without taking any steps to collect. the rent, at the same time knowing him to be insolvent.. "When one of two innocent parties must suffer by a third, the one who has enabled such third party to occasion the loss ought to sustain it." *Rice v. Groffman*, 56 Mo. 434. Applying this rule to the conduct of plaintiffs in this case, knowing, as they did, that Stockwell was primarily liable, they, and not these defendants, should bear the loss.

PHILIPS, P. J.—It seems to be conceded by both parties that the trial court was influenced in its conclusion by holding that the action would not lie, in this. form, to enforce the landlord's lien, the facts being such. as to authorize the remedy by attachment, which is exclusive. In this view we cannot concur. Section 3083, Revised Statutes, declares that : "Every landlord shall have a lien upon the crops grown on the demised premises in any year, for the rent that shall accrue for such year, and such lien shall continue for eight months. after such rent shall become due and payable, and no longer." Section 3091 authorizes the landlord, in certain contingencies, when he deems his rent endangered by removal, or threatened removal, from the premises of the crops thereon, to resort to the action of attachment..

But this latter remedy is only permissive, and not exclusive. The lien given by the statute in favor of the landlord may be enforced by an action, in the proper jurisdiction, as any other lien given by law or in equity. No other view has ever been entertained by the supreme court touching this question. It was early held, in *Knox v. Hunt et al.* (18 Mo. 243), that the landlord might take judicial steps, by legal process, to enforce his lien. In *Saunders et al. v. Oehlhausen* (51 Mo. 163, 165), it is held that the process of attachment authorized by the statute is not exclusive. And the claim by interplea was upheld in that case.

In *Price v. Roetzel* (56 Mo. 500), the right to proceed by petition to the circuit court to enforce the lien is expressly recognized, and the learned judge who delivered the opinion said : "The suit was to enforce such lien, and in aid of it an attachment was obtained, though absolutely unnecessary, since the court could have enjoined any sale of the crops by the administrator, and had the right to order their sale as perishable property by the sheriff, and their proceeds held subject to the result of the suit." So it was held by Henry, J., in *Hubbard v. Moss* (65 Mo. 652): "We do not think that the attachment was a remedy provided for enforcing the lien, for the lien may be in full force and the landlord have no right to an attachment at all."

Respondents suggest that these rulings of the Supreme Court were made under the General Statutes of 1865, prior to the amendment of 1877. The statute of 1865 contained the provision of section 3083, Revised Statutes of 1879, hereinbefore quoted. The amendment of 1877 added this independent sentence to the section : "When the demised premises, or any portion thereof, are used for the purpose of growing nursery stock, a lien shall exist and continue on such stock until the same shall have been removed from the premises and sold, and such lien may be enforced by attachment in the manner hereinafter provided." This was to give a lien

on this species of product grown on the demised premises distinct in its features from the other more general lien, as it was to exist no longer than up to the time and event of a removal from the premises and sale to some third party ; and the amendment then proceeded to give the landlord, also, the right of attachment for this new lien as well as for the lien in the preceding part of the section. But this provision in no sense qualified the law, as it had been interpreted respecting the enforcement of the lien by suit without attachment.

It occurs to me that it should be the unquestioned office of the court, in maintaining the action for the enforcement of the lien, to exercise its ancient and customary chancery jurisdiction of restraining the defendant, during the litigation respecting the enforcement of the lien, from destroying, removing, or impairing the subject upon which the lien was to operate. Otherwise its judgment enforcing the lien would be unavailing and an empty ceremony.

The sub-tenants are as much bound for the rent money, and subject to the landlord's lien, to the extent of the premises held by them, as Stockwell. *Hicks v. Martin*, 25 Mo. App. 359. The dismissal of the suit, as to them, was wrong in any view of the case. If they rely upon any estoppel, they should plead it. The defence set up by them is too uncertain and indefinite to tender any such issue. It bears on its face evidence of straining after some intangible and unsubstantial matter of excuse. Even had the court found the grounds of injunction not sustained by the evidence, it should have proceeded to judgment on the petition for the debt, and for the enforcement of the lien against the property.

The judgment is reversed, and the cause remanded for further proceeding conformably to this opinion. All concur.