G. P. SELECMAN, Respondent, v. H. C. KINNARD *et al.*, Appellants.

Kansas City Court of Appeals, January 8, 1894.

1. **Landlord and Tenant**: LIEN ON CROP: EXECUTION V. TENANT. A judgment creditor of a tenant who pays his rent in part of the crop, cannot buy his execution on the immature crops growing on the rented premises, nor can he compel the landlord to take an estimated value of such crops so as to discharge his lien, and the landlord may enjoin the officer having such execution.

2. **Execution**: CROPS. Growing crops being *fructus industriales* are subject to seizure and sale under execution.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*W. L. Jarrott* for appellant.

(1) "All goods and chattels not exempt by statute are liable to be seized and sold upon execution." Revised Statute, 1889, sec. 4915. (2) "The growing crops produced by annual planting and cultivation are chattels, and as such may be levied upon and sold under execution." Kelly's Justice Practice, p. 157; *Lindley v. Kelly*, 42 Ind. 294; *Preston v. Ryan*, 45 Mich. 174. (3) "An officer having an execution against one may lawfully enter the close of the debtor and cut down and seize and sell, as personal estate, corn and other produce of the soil, when growing and ripe and in a fit

state to be gathered." *Penhallow v. Dwight*, 7 Mass. 34; *Whipple v. Foote*, 2 Johns. 216; *Harkwell v. Bissell*, 17 Johns. 128; *Stewart v. Doughty*, 9 Johns. 112; Kelly's Justice Practice, *supra;* 4 N. Y. C. L. 618; *Veach v. Adams*, 51. Cal. 611; *Brouch v. Wiseman*, 51 Ind. 3; *Bernol v. Hovious*, 79 Am. Dec. 147. (4) "Although growing crops are not part of the realty, unless severed from the soil, yet for the purpose of levy and sale on execution, they are suffered to be treated as personalty." 4 American and English Encyclopedia of Law, p. 892; *Gillitt v. Traox*, 29 Minn. 528; *Garth v. Caldwell*, 72 Mo. 622; *Pratt v. Coffman*, 27 Mo. 424. Crops pass to devisees as personal property. (5) "The undivided interest of tenants in common may be seized and sold under attachment, if the property is severable." 6 Lawson's R. R. &. P., p. 4, 449. *Newton v Howe*, 29 Wis. 531.

*Burney & Burney* for respondent.

(1) Injunction is the proper remedy to restrain the illegal seizure of personal property, where an action at law for damages would not afford an adequate remedy. Revised Statutes, 1889, sec. 5510; *Bank v. Kercheval*, 65 Mo. 683; *McPike v. West*, 71 Mo. 189; *Turner v. Stewart*, 78 Mo. 480; *Harris v. Township Board*, 22 Mo. App. 465. (2) A court of equity will interfere by injunction to protect the owner of an equitable interest or right in property, where the ordinary legal actions are not adequate to its enforcement. Upon this principle, the landlord has such a lien upon the crops grown upon the rented premises, as will be protected and enforced in a court of equity. Revised Statutes, 1889, sec. 6376; *Hewlitt v. Stockwell*, 27 Mo. App. 328; *Knox v. Hunt*, 18 Mo. 243; *Saunders v. Ohlhausen*, 51 Mo. 163; *Sheble v. Curdt*, 56 Mo. 437; *Price v. Roetzell*, 56

Mo. 500. (3) Plaintiff had no remedy at law. No act of the tenant had given him ground for attachment; and, not being entitled to the immediate possession of the crop, he could not maintain replevin therefor. *Sheble v. Curdt*, 56 Mo. 438; *Boeger v. Langenberg*, 42 Mo. App. 11; *Chandler v. West*, 37 Mo. App. 631; *Hubbard v. Moss*, 65 Mo. 647. (4) In judicial tribunals causes are to be tried upon the issues presented by the pleadings, and the judgment or decree of the court should be such as follows as a logical result from the pleadings and the evidence. Greenleaf on Evidence, secs. 50 and 51; *State v. Roberts*, 62 Mo. 388; *Seibert v. Allen*, 61 Mo. 482; *Bank v. Armstrong*, 62 Mo. 59; *Wilson v. Albert*, 89 Mo. 537; *Brooks v. Blackwell*, 76 Mo. 309; *Weil v. Posten*, 77 Mo. 284; *Estes v. Fry*, 22 Mo. App. 80. (5) An offer of compromise made out of court by one party, but not accepted by the other, is not admissible as evidence. *Estes v. Fry*, *supra*; *Smith v. Shell*, 82 Mo. 215. If made in court it should have no greater force and effect.

SMITH, P. J.—This was a suit for an injunction. The undisputed evidence in the case shows that the plaintiff rented his farm to one Pearson for one year from March 1, 1892, for one-third of all the corn and oats and one-half of the flax and wheat raised thereon during said cropping year, which crops were to be harvested and gathered by Pearson. There was some pasture and meadow land for which Pearson agreed to pay plaintiff $39 in money.

On the twenty-eighth of June, 1892, the defendant, Metzgar, who had previously recovered judgment against Pearson before a justice of the peace, caused an execution to be issued on his judgment and delivered to defendant, Kennard, the township constable, who levied the same upon the said crops, and was

taking the same into his custody when this suit was brought by plaintiff to enjoin him from further interference therewith. A temporary injunction was awarded, which on final hearing was, by the decree of the court, made perpetual; and it is from this decree that the appeal is prosecuted by the defendants.

The statute in regard to landlords and tenants gives the landlord a lien upon the crop grown on the premises in any one year and continues the same for eight months after the rent becomes due. Revised Statutes, sec. 6376. By the terms of the lease, the plaintiff's rent was not due until the crops were harvested and gathered. None of the crops grown by Pearson, the tenant, were in this condition at. the time of the constable's attempted levy and seizure. Nor does it appear that the rent for the meadow and pasture lands was then due. The corn that had been planted was yet uncultivated and immature. The oats, wheat and flax were still standing on the ground where grown. The statutory lien of the. plaintiff for his rent covered all these crops. They were a security for his rent. To allow a stranger under an execution to interfere with these crops under such conditions it is plain to be seen, would result disastrously to the landlord.

Can an officer under the process of execution seize and sell the crops, mature and immature, of the tenant without reference to the interest of the landlord whose security for his rent they are? Suppose the young corn thus levied on and sold has just appeared above the ground, as was the case here, who is to cultivate it and account to the landlord for the rent? A tenant can make no assignment of his interest without the consent of the landlord, and it certainly cannot be that a constable, acting under his writ, even if considered as an attorney in fact for the tenant, can perform an

act for him which by the law is forbidden to the tenant himself. A landlord cannot be compelled to accept a forced tenant of this kind in lieu of one of his own selection. He may have contracted with a tenant whose skill and industry in the cultivation of his crops would bring an abundant harvest, while the forced tenant may be unskillful and slothful, and whose labor may bring the owner of the soil but poor returns for its use.

The law disfavors any act of another, whether officer or not, whose results are likely thus to disturb the landlord in his relations with his tenant. If the officer can enter under his writ harvest and sell the matured crops, what becomes of the lien of the landlord for his undue rent?

It is argued by the defendants that they offered to pay the plaintiff, after this suit was begun, the rent that was due him. This afforded no defense. The tender was not made before the levy, and could not have been, for the reason that the landlord was entitled to one-third of the corn and oats and one-half of the wheat and flax that was grown by the tenant on the land. He could not be forced to accept the estimated value of these cereals in lieu of the cereals themselves. Besides this, the corn was then in that immature condition that no estimate could have been made of its yield or the value thereof.

The law has long been settled in this state that the crops during the existence of the landlord's lien is not subject to the process of the law without payment of the rent,—which was impossible in this case,—at the suit of another creditor, as the lien of the landlord protects it from sale. Nothing can be seized under execution which cannot be sold. *Knox v. Hunt*, 18 Mo. 243; *Sanders v. Oldhausen*, 51 Mo. 163; *Sheble v. Curdt*, 56 Mo. 437; *Price v. Roetzell*, 56 Mo. 500.

Of course, if it were not for the existence of the landlord's lien, these crops being *fructus industriales* and regarded, therefore, as personal chattels, independent and distinct from the land, were the subject of seizure and sale under execution. Revised Statutes, sec. 4915; *Smock v. Smock*, 37 Mo. App. 56; *Garth v. Caldwell*, 72 Mo. 622.

It is conceded by the defendants that the landlord had the crops in possession with a special lien thereon at the time of the attempted seizure, which we think was sufficient to protect it from seizure and sale under the execution of defendant, Metzgar, until the former had received his share of the cereals and his money rent was paid. It follows that the trial court did not err in its decree, which must be affirmed. All concur.