GEO. E. WILLIAMS, Appellant, v. ANDREW J. BRADEN, Defendant; JNO. HICKS, Interpleader, Respondent.

Kansas City Court of Appeals, November 18, 1895.

1. **Landlord and Tenant**: ATTACHMENT FOR RENT: INTERPLEA. Section 6385, Revised Statutes, 1889, making proceedings in attachments issued under the landlord and tenant act the same as provided by law in case of suits by attachment, authorizes an interplea for the attached property.

2. ———: LIEN: SUBTENANT. The landlord's lien will extend not only to the crop growing by the tenant but also to that of the subtenant.

3. ———: ———: ———: ESTOPPEL. Mere fact of consenting to a subletting is not a waiver of the landlord's lien; and on the facts in this case a landlord is not estopped to claim a lien on the crop raised by the subtenant.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Chapman & Barton* for appellant.

(1) The landlord has, under the law, a lien on all the crops grown on all the demised premises for the payment of the rent due for the year in which the crops were grown. R. S. 1889, sec. 6376; *Garroutte v. White,* 92 Mo. 237; *Haseltine v. Auserman,* 87 Mo. 410; *Haseltine v. Auserman,* 29 Mo. App. 151; *Heulett v. Stockwell,* 27 Mo. App. 328. (2) The interpleader, Hicks, being a subtenant, was even personally liable for the rent, and certainly the crops grown by him on the demised premises were liable. R. S. 1889, sec. 6388; *Heulett v. Stockwell, supra; Hicks v. Martin,* 25 Mo.

App. 359. (3) An attachment sued out by the land-lord for the recovery of rent, the mandate of which runs merely against the crops of tenant in chief, authorizes a levy of the writ, not only on the crops of the tenant in chief, but also on the crops raised on the rented premises by the undertenant. Am. and Eng. Encyclopedia of Law, p. 757, J. E., Note 4; *Steinhart v. Bell*, 80 Ala. 203. (4) There is no cause of action stated in the interplea. The law provides no proceed-ing of the kind in an action by attachment to enforce lien against crops for payment of rent. The law in relation to interpleading in attachment suits, found in section 572, Revised Statutes of Missouri, has no ap-plication to attachment under the landlord and ten-ant act to enforce the lien for rent against crops grown on the rented premises. (5) The court found for interpleader on the theory that Williams was estopped by his own acts from claiming rent for the portion of the demised premises sublet to interpleader. This was error. There were no acts done by plaintiff Williams amounting to an estoppel. Interpleader had notice of the true state of affairs when he subleased from Braden. He was not deceived. His eyes were open. There can be no estoppel in this case. *Douglass v. Cissna*, 17 Mo. App. 62; *Noble v. Blount*, 77 Mo. 235; *Acton v. Dooley*, 74 Mo. 67; *Austin v. Loring*, 63 Mo. 22; *Bales v. Perry*, 51 Mo. 449.

*J. E. Wait* for respondent.

(1) Williams was estopped from setting up any claims to interpleader's corn. An equitable estoppel arises whenever a party by his acts or conduct induces another to change his condition, if an injury would result to him if it was repudiated. *Bank v. Frame*, 112 Mo. 502; *Bunce v. Beck*, 46 Mo. 327; *Newman v. Hook*,

37 Mo. 207; *Taylor v. Zep*, 14 Mo. 482; 2 Pom. Eq., sec. 811; Bigelow on Estoppel [Ed. of 1886], p. 445. (2) The interplea can be maintained in this case as well as of other cases in attachment. It will lie wherever replevin will lie, and if Hicks could not interplead, he has no remedy. *Spooner v. Rose*, 24 Mo. App. 599; Who may interplead? Sec. 572, R. S. 1889. (3) The judgment is for the right party, and should be affirmed.

ELLISON, J.—This action is an attachment for rent, under the landlord and tenant act. The cause is here on plaintiff's appeal from the judgment rendered by the trial court in favor of the interpleader.

It appears that plaintiff leased the lands to defendant for three years, by written lease, containing a provision that they should not be sublet, without the written consent of the plaintiff. Afterward, the interpleader rented a portion of the premises of defendant, thus becoming a sublessee. A portion of the crop attached is that which was raised by interpleader, on that part of the land which was sublet to him; and it is for this portion he now interpleads.

1. The point is suggested that there can be no interplea in the usual form in ordinary attachments, under the landlord and tenant act—it being contended that such act makes no provision for an interplea, such as is found in the statute of attachment. It is true there is no direct provision, but by section 6385, Revised Statutes, 1889, of the landlord and tenant act, it is provided that, all "proceedings on attachments issued under this chapter shall be the same as provided by law in case of suits by attachment." This, we think, is sufficient authority for an interplea, in cases arising in attachment for rent.

2. The circuit court found for the interpleader, on the theory that plaintiff had estopped himself from

claiming rent from interpleader. In our opinion, there is no evidence upon which to base the finding. The law is that the landlord's lien will extend, not only to the crop grown by the tenant, but also the subtenant. Sec. 6388, R. S. 1889; *Heulett v. Stockwell*, 27 Mo. App. 328; *Garroutte v. White*, 92 Mo. 237. The landlord has a lien upon the crop grown by the subtenant, but, by the provision of the contract of lease between plaintiff and the principal tenant, there could be no subtenant without the consent of plaintiff. Now, the evidence tends to show plaintiff's consent to interpleader's becoming a subtenant, but does not appear in any way to bear upon the question whether he would release his lien on the crop to be grown. If the mere fact of consenting to a subletting was a waiver of the lien, then there would never be a lien against a subtenant, for he can not exist, except by consent of the landlord. That the landlord must consent is provided by statute, in leases of two years or under, and it was provided by contract in the case at bar. It is true, the evidence tends to show that after interpleader had put in his crop plaintiff said to him, " not to be in a hurry to pay Braden the rent," and that he did not pay it until Braden sued him. It seems to us that this was more of a warning to him not to pay Braden until plaintiff's lien was satisfied, than anything else. It certainly does not show that plaintiff waived his lien. Besides, it was said to him after he had made his bargain with Braden and had put in his crop, and could not have been an inducement thereto. And, though he afterward paid the rent to Braden, which he had agreed to pay him, he did so at his peril. He must be charged with knowledge of plaintiff's lien, and he should have protected himself when sued by Braden.

We find it impossible to sustain the judgment, and it must, therefore, be reversed. All concur.