Dunlap v. Dunseth.

LEE DUNLAP, Respondent, v. ISABELLA DUNSETH, Appellant.

| 81 | 17 |
| 85 | 255 |

Kansas City Court of Appeals, May 29, 1899.

1. **Landlord and Tenant**: LANDLORD'S LIEN V. CHATTEL MORTGAGE: FORECLOSURE. A landlord's lien upon the crops for his rent attaches from the beginning of the tenancy and is paramount to a chattel mortgage given on a growing crop, but ordinarily such lien must be foreclosed by legal process, though no reason is seen why the landlord may not take the crop at a fair value in discharge of the lien.

2. ———: ———: EXCESS OF CROP OVER RENT. Where a tenant turns over the crop to the landlord in payment of the rent and the crop exceeds the rent, the mortgagee of the crop may have relief in an appropriate action to redeem from such lien, but where a tenant turns over to the landlord part of the crop in payment of the rent, the mortgagee can not have relief in an action at law.

3. ———: ———: TURNING OVER CROP TO PAY RENT: INSTRUCTION. An instruction submitting the question whether the turning over of certain flax seed and applying it as a part payment of the rent on one date and three days later another transaction turning over corn and other personal property were one and the same transaction, and if distinct transactions defeated a recovery of the plaintiff, is considered proper in this case.

4. ———: ———: LIEN ON TWO FUNDS: EQUITY. One having a lien on two funds, one of which is subject to a junior incumbrance, should resort to the unincumbered fund first; and if a landlord receive from a tenant corn equal in amount to the rent, his lien is satisfied, and though his lien apply to the whole crop yet he can not in equity resort to a part of the crop mortgaged by the tenant and will in equity be required to account for a fair excess in value of the crop he may take over the rent due him, but he can not have such relief in an action at law.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

Noah M. Givan for appellant.

(1) The landlord's lien upon the tenant's crop attaches from the beginning of the tenancy and is paramount to a mortgage on the crop executed by the tenant. 1 Jones on Liens, secs. 553-556; Selecman v. Kinnard, 55 Mo. App. 635; Toney v. Goodley, 57 Mo. App. 235; Dawson v. Coffey, 48 Mo. App. 110; White v. McAllister, 67 Mo. App. 314. (2) The landlord is entitled to possession of the grain by virtue of the landlord's lien. When the crop, or its proceeds, is delivered and applied on the rent, no legal process is necessary. The law does not require a useless thing to be done. Sanders v. Ohlhausen, 51 Mo. 163; Polk v. King, 48 S. W. Rep. (Tex.) 601; Slack v. Koon, 39 S. W. Rep. (Ky.) 26. (3) The petition is a declaration at law for conversion of flax, and nothing more. It was so considered by plaintiff and defendant in drawing the pleadings and in the trial of the case. Plaintiff did not make McCarter, the tenant and alleged mortgagor, a party—had not obtained judgment against him, and could not adjudicate matters between him and McCarter in equity without making him a party or reducing his claim to judgment. Crim v. Walker, 79 Mo. 335; Clark v. Bank, 57 Mo. App. 277; Thias v. Siener, 103 Mo. 314; Paddock v. McDonald, 61 Mo. App. 559. (4) A pleading should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by the pleader. Law v. Crawford, 67 Mo. App. 154; Stilwell v. Hamm, 97 Mo. 579; Mendenhall v. Leivy, 45 Mo. App. 27. (5) Where plaintiff recovers on a cause of action not stated in the petition, the judgment will be reversed. Suit can not be brought on one cause of action and recovery had on another. Stepp v. Livingston, 72 Mo. App. 179; Clements v. Yeates, 69 Mo. 623; McMahill v. Jenkins, 69 Mo. App. 279; Hill v. Mining Co., 119 Mo. 10; Johnson v. Bank, 116 Mo. 558. (6) Plaintiff's petition is not a petition in equity, is

Dunlap v. Dunseth.

not a creditor's bill, does not state facts which entitle him to subrogation, or to the marshalling of assets or to any equitable relief. McCarter was not made a party and plaintiff's claim had not been reduced to judgment. If it states a cause of action at all, it is simply a suit at law for damages for the conversion of flax. Clark v. Bank, 57 Mo. App. 288; 14 Am. and Eng. Ency. of Law, 692, 693, 696, 697; 24 Am. and Eng. Ency. of Law, 195-197, 199, 200, 273-322.

J. S. Brierly and C. W. Sloan for respondent.

(1) The surplus over and above the landlord's lien was liable for plaintiff's debt. Helweg v. Heitcamp, 20 Mo. 569; Rutherford v. Williams, 42 Mo. 18-34; Reid v. Mullins, 43 Mo. 306; Strawbridge v. Clark, 52 Mo. 21; Moore v. Ryan, 31 Mo. App. 474; Moore v. Thompson, 40 Mo. App. 195. (2) Defendant by her act in destroying plaintiff's security became a trustee, liable to account to him for all over her landlord's lien, which she paid over to McCarter. Moore v. Thompson, 40 Mo. App. 195; Jones on Chat. Mort. [2 Ed.], sec. 712; 2 Jones on Mort., sec. 1921; Jones on Chat. Mort. sec. 798; 2 Cobbey, Chat. Mort., sec. 1046; Jordan v. Bank, 11 Neb. 499; 9 N. W. Rep. 654; Russell v. Lau, 30 Neb. 805; 47 N. W. Rep. 193; 2 Cobbey, Chat. Mort., sec. 985 and authorities cited; 1 Cobbey, Chat. Mort., sec. 463. (3) A tenant has a right to mortgage his interest in the crop and not forfeit his rights under the lease. Caruthers v. Williams, 53 Mo. App. 181; Jones on Chat. Mort. [3 Ed.], sec. 141. (4) Defendant could not enforce her lien except by process of law. Knox v. Hunt, 18 Mo. 243; Sanders v. Ohlhausen, 51 Mo. 163-165; Hulett v. Stockwell, 27 Mo. App. 328-334. Especially is this true when the rights of third parties had intervened. Moore v. Thompson, 40 Mo. App. 195. (5) Defendant not only had constructive but actual knowledge of the terms of the chattel mortgage to plaintiff; and no demand even was necessary on the part of

plaintiff in order to make her liable for the disposition of the flax. Bank v. Metcalf, 29 Mo App. 384; 40 Mo. App. 494-500. (6) The defendant can not for the first time raise the question of defect of parties in this court; she neither, as the record shows, demurred nor answered setting up such defense. R. S. 1889, secs. 2043, 2047; Bensieck v. Cook, 110 Mo. 173; Crook v. Tull, 111 Mo. 283; Boland v. Ross, 120 Mo. 208; Rogers v. Tucker, 94 Mo. 352; Hiles v. Rule, 121 Mo. 248-256; Toovey v. Baxter, 59 Mo. App. 470; Ellingson v. Railway, 60 Mo. App. 679. Neither was the question raised by motion for new trial. (7) There being but one form of civil action, the petition need only set forth the facts constituting the cause of action, whether such facts authorize legal or equitable relief. Clark v. Clark, 86 Mo. 114; Knipper v. Blumenthal, 107 Mo. 665. And an omission to state any material fact in a pleading will be obviated if the pleading of the opposite party puts the matter in issue. Hughes v. Carson, 90 Mo. 399; Donaldson v. County of Butler, 98 Mo. 163; Grace v. Nesbitt, 109 Mo. 9; Beckman v. Ins. Co., 49 Mo. App. 604; Buck v. Railway, 46 Mo. App. 555; Richardson v. Farmer, 36 Mo. 35; Rush v. Brown, 101 Mo. 506; Corpenny v. Sedalia, 57 Mo. 88; Bank v. Leyser, 116 Mo. 51. Where a petition does not wholly fail to state a cause of action but states one defectively, objection to it, though good on a motion to make more definite or even on demurrer, comes too late after verdict. Knox Co. v. Brown, 103 Mo. 223; Lynch v. Railway, 111 Mo. 601; Spurlock v. Railway, 93 Mo. 530; McDermott v. Claas, 104 Mo. 14; Clark v. Bank, 57 Mo. App. 277; Turner v. Adams, 46 Mo. 95; Merry v. Fremon, 44 Mo. 518; Lyons v. Murray, 95 Mo. 23; Pendleton v. Perkins, 49 Mo. 565. (8) A landlord must refrain from an active injury to a junior lienor upon the crop. Robinson v. Kruse, 29 Ark. 575.

SMITH, P. J.—The defendant was the owner of about four hundred acres of farm and pasture lands which she rented

to one McCarter for $1,000 for the year 1896. In the spring of that year the latter sowed fifty acres of the said farm in flax which was subsequently mortgaged to the plaintiff to secure a promissory note for $250 falling due in August following. When the flax had been cut and threshed the defendant demanded of McCarter that he deliver the same to her in payment of one of the notes then due, which had been given by him to her for part of the rent of the farm.

The plaintiff also demanded possession of the flax under his mortgage. McCarter delivered the flax so threshed to Mr. Hargis for the defendant. It seems that McCarter had obtained from Hargis the seed which he sowed in the previous spring and had given the latter an instrument in the nature of a mortgage on the crop to be grown therefrom to secure the price of the seed so furnished. It was also therein agreed that the product was to be delivered to Hargis at the St. Louis market price.

The defendant testified however that she sold the seed to Hargis. But however this may be, it is certain Hargis got the seed and on August 7, 1896, paid defendant the full market value thereof less his commissions and the price of the seed furnished McCarter in the previous spring, which she applied on the rent. On the tenth day of August, following, the defendant and McCarter entered into a contract by which the latter turned over to the former the possession of the farm, and the corn, hay, flax and hogs thereon, in consideration of which the former paid him $800 and canceled his notes for the rent. The hogs are shown to be worth about $400.

The question thus raised is, whether the plaintiff or defendant was entitled to the delivery of the possession of said flax seed at the hands of McCarter. The

LANDLORD and tenant: landlord's lien v. chattel mortgage; foreclosure.

statute gave the defendant, in her quality of landlord, a lien upon the crops, grown by McCarter, her tenant on the farm, which attached from the beginning of the tenancy. This lien was paramount

to the plaintiff's mortgage.   1 Jones on Liens, secs. 553-556;
Selecman v. Kinnard, 55 Mo. App. 635; Toney v. Goodley,
57 Mo. App. 235; Dawson v. Coffey, 48 Mo. App. 110; White
v. McAllister, 67 Mo. App. 314.

The plaintiff's insistance is, that a landlord's lien can
only be enforced by legal process; while it is that of the de-
fendant that where the crop is delivered by the tenant to be
applied in satisfaction of the rent due, legal process in
such case may be dispensed with.   The ordinary rule is proba-
bly as plaintiff contends.   Knox v. Hunt, 18 Mo. 243; Sanders
v. Ohlhausen, 51 Mo. 163; Hulett v. Stockwell, 27 Mo. App.
328.

Where a mortgagee makes sale of the mortgaged chattels
without foreclosure proceeding, his conduct and fairness in
making the sale is always open to investigation
by the mortgagor, and no reason is seen why
this just rule may not apply as between the
landlord and the mortgagee of the tenant in a
case like this where the tenant pays the rent to the landlord
by delivering to him the mortgaged crop.   Nor is any reason
seen why the landlord may not agree with his tenant to receive
the crop in discharge of the rent.   If the landlord resorted to
legal proceess to enforce such lien he could thereby attain no
different result than that effected by the agreement.   If the
crop is received of the tenant by the landlord in payment of
the rent no one can complain except the tenant's mortgagee,
who would have a right to investigate such transaction; but if,
as here, the crop is conceded to have been taken at its fair
market value in payment of rent actually due the landlord,
then how was the mortgagee injured?   The acceptance of the
crop was in discharge of a paramount lien thereon.   If the
value of the crop to which the defendant's paramount lien
attached had exceeded in amount that of the rent then due, it
is plain that the mortgagee plaintiff would have suffered injury
by reason of the transaction and in an appropriate action by

the latter to redeem he would have been entitled to a decree against the defendant for such excess. Upon principle this would seem to be so. Jones on Chat. Mort., sec. 712; Flanders v. Barstom, 18 Me. 357; Flanders v. Chamberlain, 24 Mich. 305. The conduct of the defendant in such case would have, no doubt, been a legal fraud against the rights of the plaintiff, since the former had both actual and constructive notice of the latter mortgage. Moore v. Thompson, 40 Mo. App. 195. If, as defendant's evidence tends to show was the fact, the transaction between the defendant and McCarter, by which the latter turned over to the former the flax crop in payment of the rent, was one that was of itself complete and independent, it seems to us that the plaintiff was not entitled to recover.

The defendant complains of the action of the court in refusing to give her fourth instruction, which was to the effect that if the evidence showed that the agreement of August 10, 1896, was made and entered into after she had applied the proceeds of the flax in controversy on her rent, then past due, plaintiff was not entitled to recover. The evidence adduced by her tended to prove that the transaction referred to in the defendant's said instruction was closed on the seventh of August, while the contract under which she acquired the possession of the corn, hay and hogs was not entered into until August 10. If the two transactions were independent and distinct it is difficult to understand why the defendant was not entitled to a consideration of the case upon the theory of her refused instruction.

*—: —: turning over crop to pay rent: instruction.*

It seems to us that if, as the evidence tends to prove, the value of the corn which McCarter turned over to defendant was equal or greater than the amount of the rent due, or to become due her on said farm, then she ought to account to plaintiff for the value of the flax seed. Although she had a lien on both corn and flax seed, yet she had no right to enter

*—: —: lien on two funds: equity.*

into a contract with McCarter by which she could in effect turn over the proceeds arising from the sale of the flax seed to him when she knew that the plaintiff had a valid mortgage lien on the latter. If the value of the corn was equal in amount to the rent then its reception had the effect to discharge her lien on the flax seed. It may be assumed, in view of what has been already said, that she had the right to enter into an agreement with her tenant by which she could receive the crops in payment of the rent but she could not rightfully receive any excess covered by plaintiff's mortgage. She could not be permitted in that way to appropriate the plaintiff's security. If the value of the corn had not been equal to the amount of her rent, she could no doubt have added so much of the flax seed as would have been required to supply the deficiency in the value of the corn. Jones on Mort., sec. 1628; Shields v. Kimbrough, 64 Ala. 504. The general rule is, that if a mortgagee has other security for his demand and another creditor has a lien upon one of the funds only, the former must resort in the first place to that security upon which no other than his debtor has any claim. As said by Lord Eldon in Aldrich v. Cooper, 8 Vesey 282-395: "But as in the ordinary case to say a person having two funds shall not by his election disappoint the party having only one fund; and equity to satisfy both will throw him who has two funds upon that which can be affected by him only, to the intent that the only fund to which the other has access may remain clear to him." If the corn received by defendant was sufficient to satisfy the amount of the rent due her it seems to us that, in view of the principles just stated, the defendant in equity ought to account to the plaintiff for the value of the flax received by her. The plaintiff under his mortgage acquired the equity of redemption in the flax seed. Why may he not, by his petition in the nature of a bill to redeem, have a personal decree against the defendant for the value of the flax seed, since it is seen that she has disposed of the same so

that it can not be redeemed in kind? The principles upon which plaintiff can recover, if at all, are strictly equitable, and power to apply and enforce these belong exclusively to a court of equity. It is clear that if the value of the crops which the defendant's tenant turned over to her was in excess of the amount of the rent the plaintiff can not have relief in an action at law. If the plaintiff can recover at all in this action, it is upon the theory that the receipt of the flax seed by the defendant in payment of the rent was a separate and independent transaction, and that the value of such seed was in excess of the rent. He could recover such excess, if any there was, but the evidence discloses none. Our conclusion is that there was no evidence adduced to justify the finding and judgment in the present action.

The judgment will be reversed and cause remanded. All concur.